**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **RAMONA L. SMITH, Individually and** | § | |
| **As Administrator of the Estate of Arthur** | § | |
| **Smith,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: _____** |
| | § | |
| **GOVERNMENT EMPLOYEES** | § | |
| **INSURANCE COMPANY and R&M** | § | |
| **TOWING AND RECOVERY,** | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

Defendant Government Employees Insurance Company ("GEICO" or "Defendant")
hereby files this Notice of Removal and Demand for Jury Trial of Cause Number 17CV33998,
styled *Ramona L. Smith, Individually and as Administrator of the Estate of Arthur Smith v.
Government Employees Insurance Company and R&M Towing and Recovery,* currently pending
in the 123rd/273rd District Court of Shelby County, Texas. Defendant removes the case to the
U.S. District Court for the Eastern District of Texas, Beaumont Division pursuant to 28 U.S.C.
§§1332, 1441 and 1446. As grounds for removal, GEICO states as follows:

### I.
### BACKGROUND

1.      This case has already been litigated in federal court.  Plaintiff originally filed suit
against GEICO and Chrysler Group, LLC in Cause Number 1:15-CV-218 in the Eastern District
of Texas (hereinafter "Smith One" case). *See* Plaintiff's Complaint and Request for Jury Trial
attached hereto as **Exhibit 1-A**, ¶ 40; *see also* **Exhibit 5** (Order Granting GEICO's Motion for

Summary Judgment in the Smith One case). Plaintiff's suit against GEICO alleged GEICO took possession of the vehicle and "affirmatively pledged in accordance with GEICO's obligation of good faith and fair dealing that it would preserve and not allow the Subject Vehicle to be damaged or altered in any way yet had the Subject Vehicle destroyed without any notice to the Plaintiffs, who suffered extreme and prolonged mental anguish. Judge Marcia Crone granted GEICO's Motion for Summary Judgment in that matter.  *Id.*, ¶ 43.  Plaintiff then attempted to amend her federal complaint to add the exact same allegations as contained in this current lawsuit, but according to Plaintiff, Judge Crone "inexplicably denied Mrs. Smith's request to amend her complaint . . . ."  *Id.*, ¶ 44; *see also* **Exhibit 6** (Order Denying Plaintiffs' Motion for Leave to File Second Amended Complaint in the Smith One case).[1]

2.      Less than a year after Plaintiff's request to amend was denied, Plaintiff filed this lawsuit in state court against GEICO and R&M Towing & Recovery ("R&M").  Plaintiff alleges that R&M released a Jeep into the custody and control of GEICO "which thereafter destroyed the evidence." *See* **Exhibit 1-A**, ¶ 26.  Plaintiff alleges breach of contract, breach of contract/third-party beneficiary, and promissory estoppel against R&M.  *Id.*, ¶ 46-65.  Plaintiff alleges breach of first contract, breach of second contract, promissory estoppel, fraudulent misrepresentation, and negligent misrepresentation against GEICO.  *Id.*, ¶ 66-103.

3.      Although Plaintiff does not allege a specific amount of damages (or even a specific category of damages) in this current Complaint, Plaintiff alleges that GEICO and R&M are liable for allowing the vehicle to be destroyed and thereby preventing her from fully litigating her claim against Chrysler.  *See* **Exhibit 1-A**, ¶ 30, 31, 33, 40, 85, and 88.  In Plaintiff's

---

[1] On August 24, 2017, Judge Crone entered an order dismissing the remaining claims against Defendant Chrysler Group, LLC, FCA US LLC, resolving the entire case. [doc. 248, Civil Action No. 1:15-CV-218].  The order granting GEICO's summary judgment was not severed.

federal suit against Chrysler and GEICO, Plaintiff stated that the amount in controversy was "greater than the minimum jurisdictional limits of this Court." *See* **Exhibit 7** (Complaint filed in the Smith One case).

4.      Additionally, prior to filing the original suit, Plaintiff's counsel sent a demand to GEICO (only) on April 6, 2015, stating "The amount of actual damages and expenses suffered by the Smiths, including for the extreme and continuing emotional distress caused by GEICO's actions, are no less than $6 million.  The attorneys fees required to assert this claim against GEICO total $50,000 to date. Additional attorney fees and expenses are likely in excess of $1million [sic] dollars." *See* **Exhibit 8**.

## II.
## OVERVIEW

5.      Despite failing to plead an amount in controversy in Plaintiff's Complaint, Plaintiff clearly seeks to recover damages from the Defendants in excess of $75,000.00. *See* **Exhibit 7** and **Exhibit 8**.

6.      Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant GEICO. Additionally, R&M has been improperly joined for the purpose of defeating diversity.

7.      Defendant GEICO received Plaintiff's Complaint on August 10, 2017 at its office in Richardson, Texas.[2]  Defendant R&M filed a *pro se* answer on July 12, 2017 and a general denial on August 22, 2017. *See* **Exhibits 1-G** and **1-H**. Defendant R&M consents to removal.

---

[2] Plaintiff's Original Petition was filed June 16, 2017.  A copy of Plaintiff's Original Petition as well as a letter dated July 31, 2017 listing the incorrect address and the incorrect registered agent was mailed to "GEICO" and received by GEICO on August 10, 2017.

*See* **Exhibits 9** and **10**.   Therefore, removal is proper under 28 U.S.C. § 1446(b)(2)(C). *See* Return of Service for Defendant R&M attached hereto as **Exhibits 1-F**.

8.     Plaintiff has served all Defendants. *See* **Exhibits 1-F**; *See also* Register of Actions for the State Court Action, hereto attached as **Exhibit 1-J**.

9.     A true and correct copy of all process, pleadings, and the orders served upon GEICO in the State Court Action are being filed with this Notice as required by 28 U.S.C. § 1446(a), and are attached hereto as **Exhibit 1**.

10.     Defendant now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

### III.
### GROUNDS FOR REMOVAL

11.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

A.     **COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES.**

12.      Plaintiff alleges she is a resident of Shelby County, Texas. *See* **Exhibit 1-A**, ¶ 1.

13.     Plaintiff named R&M as a Defendant located in Henderson, Texas. *Id*., ¶ 4.

14.     Plaintiff does not make any allegations as to the citizenship of GEICO or R&M. *Id.*

15.     Plaintiff does not make any allegations as to the principal place of business of GEICO or R&M. *Id.*

16.     Defendant GEICO is incorporated in Maryland and its principle place of business is in Maryland.

17.     Accordingly, GEICO is a citizen of the State of Maryland and complete diversity exists between Plaintiff and GEICO.

18.     An additional Defendant in the case is R&M is located in the State of Texas, however its place of business should not be taken into consideration for purposes of determining diversity as it has been improperly joined in this action in that the Plaintiff has not asserted any valid claim against it and joined it in this lawsuit solely in an effort to defeat diversity jurisdiction.

19.     A defendant may be disregarded as a party for purposes of establishing diversity if the court determines that the joinder is an improper device to defeat diversity jurisdiction and prevent removal. *Madison v. Vintage Pet., Inc*., 114 F.3d 514 (5th Cir. 1997); *Smallwood v. Illinois Cen. Rail Co.,* 385 F.3d 568, 571 (5th Cir. 2004) *In re Benjamin Moore & Co*., 318 F.3d 626 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp*., 77 F.3d 1353 (11th Cir. 1996); *Wilson v. Republic Iron & Steel Co*., 257 U.S. 92,42 S.Ct. 35, 66 L.Ed. 144 (1921) (the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy").  To determine whether a party was fraudulently or improperly joined to prevent removal, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." *Campbell v. Stone Ins., Inc*., 509 F.3d 665, 669 (5th Cir. 2007).

20.     In this case the Plaintiff is unable to establish a cause of action against Defendant R&M, thereby rendering its joinder improper.  Therefore, the court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) make a summary inquiry "to identify the presence of discrete

and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004).

21.     The Fifth Circuit recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder to determine if the plaintiff has stated a claim against a nondiverse defendant. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*., 818 F.3d 193, 208 (5th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. *Twombly*, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

22.     Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. *Iqbal*, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Id*. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id*. at 679.

"Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

23.     Plaintiff's Original Petition in this matter list claims that arise solely from an alleged failure to "preserve evidence." However, "spoliation is an evidentiary concept, not a separate cause of action." *Brookshire Bros. v. Aldridge*, 438 S.W.3d 9, 19-20 (Tex. 2014). It "is essentially a particularized form of discovery abuse." *Id.* at 20.  The fact that the Plaintiff characterizes her spoliation claim as breach of contract and promissory estoppel claims does not matter, the gravamen of the causes of action is the alleged spoliation of the subject vehicle. *See Holloway v. Compass Sec.*, 2004 WL 837868 (Tex. App.—Dallas Apr. 20, 2004, pet. denied) ("Regardless of this characterization or the arguments she asserts with respect to third-party beneficiary rights, this lawsuit involves nothing more than the alleged destruction of evidence." *Holloway*, 2004 WL 837868, at *1.  "Because spoliation is not a recognized cause of action, the trial court did not err in denying Holloway's motion for default judgment and in dismissing Holloway's claim." *Id.*)   Because spoliation is not a claim recognized in the state of Texas, Plaintiff has not asserted a valid claim against R&M.

24.     In an effort to circumvent the law, Plaintiff alleges a breach of contract claim against R&M and attached a charge slip to her Complaint, purporting it to be a "contract" between R&M and Plaintiff.  *See* Exhibit B attached to **Exhibit 1-A**.  However, this charge slip does not contain the name of the Plaintiff, nor does it contain any terms whatsoever.  It provides a dollar amount, the name of the decedent, and a notation that it was paid by "IAA," with no indication as to who or what "IAA" is.  Plaintiff's allegations against R&M are conclusory, vague, and speculative, and do not offer any factual support.  A valid contract must contain within itself or by reference to other writings and without resort to parol evidence, all the

elements of a valid contract, including an identification of both the subject matter of the contract and the parties to the contract. *Dobson v. Metro Label Corp.*, 786 S.W.2d 63, 65 (Tex. App.—Dallas 1990, no writ).  If the identity of the parties to the contract and the subject matter and terms of the contract cannot be determined, then it is not a valid contract. *BACM 2001-1 San Felipe Rd. Ltd. P'ship v. Trafalgar Holdings I, Ltd.*, 218 S.W.3d 137, 144-45 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (ruling that the essential terms and identities of the parties were omitted, and therefore the alleged contract was not valid and could not be enforced). Plaintiff is, at best, a stranger to the alleged contract. *See Lee v. McCormick*, 647 S.W.2d 735, 738-39 (Tex. App.—Beaumont 1983, no writ) (person which was not listed on invoice was "Clearly and unequivocally" a stranger to the contract).  The charge slip does not contain any of the essential information which would render it a valid and enforceable contract, and the Plaintiff is not a party to the purported contract in any event.  Furthermore, Plaintiff's undated and unaddressed handwritten letter attached to her Complaint as Exhibit C does not clarify or identify any of the essential terms or identity of parties to the alleged contract.  Plaintiff cannot maintain a breach of contract claim against R&M.

25.     Plaintiff's alleged third-party beneficiary claim is not viable for the same reasons. To establish intended third-party beneficiary status, the Plaintiff must be able to prove that the contracting parties had the intent to create a third-party beneficiary and that the intent is "clearly and fully spelled out in the terms of the contract."  *Benefit Trust Life Ins. Co. v. Littles*, 869 S.W.2d 453, 463 (Tex. App.—San Antonio 1993, no writ).  If there is no viable contract, then there can be no third-party beneficiary to the contract. *Trevino & Gonzalez Co. v. R.F. Muller Co.*, 949 S.w.2d 39, 42 (Tex. App.—San Antonio 1997, no pet.) ("Where there is no contract,

there can be no breach of contract and, likewise, there can be no third party beneficiary"). The purported "contract" is not a contract at all, and therefore there can be no third-party beneficiary.

26.     Finally, Plaintiff's promissory estoppel claim against R&M fails. Promissory estoppel requires (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial detrimental reliance by the promisee. *Trevino & Assocs. Mech., L.P. v. Frost Nat'l Bank*, 400 S.W.3d 139, 146 (Tex. App.—Dallas 2013, no pet.). Plaintiff's complaint does not allege that she spoke with anyone representing R&M and the Plaintiff's attached exhibits do not demonstrate any promise from R&M. Plaintiff's conclusory allegations regarding R&M are not supported by factual underpinnings and do not support a plausible claim for relief.

27.     Further, the Plaintiff's allegation that GEICO removed the vehicle, then later allowed it to be destroyed after allegedly entering into two separate contracts with the Plaintiff not to destroy the vehicle breaks any causal chain between her claims against R&M and the alleged damage of the destroyed vehicle. *See, e.g., Arguelles v. Kellogg Brown & Root, Inc.*, 222 S.W.3d 714 (Tex. App.—Houston [14th Dist.] no pet.) (intervening event between wrongful act and injury breaks causal connection); *Taylor v. Carley*, 158 S.W.3d 1 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (subsequent new and independent event between wrongful act and injury destroys the causal connection). Additionally, R&M had a statutory duty to release the vehicle to a party presenting a proper form seeking possession of or access to the vehicle or be subject to administrative penalties. 16 TEX. ADMIN. CODE § 85.710(a)(3)(H); *see also* **Exhibit 1-G** (Exhibit to R&M's *pro se* Answer, "Removal and/or Inspection of a Motor Vehicle at a VSF"). Thus, R&M had a duty to release the vehicle, and had no duty to retain it. Accordingly, Plaintiff's claims against R&M are not viable or valid, and R&M was improperly joined in an effort to revive a cause of action disposed of over a year ago in a different forum.

## IV.
## <u>VENUE</u>

28.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the District Court of Shelby County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

## V.
## <u>PROCEDURAL REQUIREMENTS</u>

29.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81 of the U.S. District Court for the Eastern District of Texas, the following exhibits are attached and indexed:

Exhibit 1:     Index of Documents Filed in the State Court Action

Exhibit 2:     Civil Cover Sheet

Exhibit 3:     Supplemental Civil Cover Sheet

Exhibit 4:     Certificate of Interested Parties

30.    This Notice of Removal is being filed within thirty (30) days of service of the citation and the Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Defendant GEICO with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

31.    Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

32.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

33.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal

will be filed with the District Clerk for the 123rd/273rd Judicial District Court of Shelby County, Texas promptly after filing of same.

34.     Plaintiff has made a jury demand.

## VI.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes Cause Number 17CV33998, styled *Ramona L. Smith, Individually and as Administrator of the Estate of Arthur Smith v. Government Employees Insurance Company and R&M Towing and Recovery,* currently pending in the 123rd/273rd District Court, Shelby County, Texas to the U.S. District Court for the Eastern District of Texas, Beaumont Division pursuant to 28 U.S.C. §§1332, 1441 and 1446 to this Court on the 25th day of August, 2017 for trial and determination.

Respectfully submitted,

**PERRY LAW P.C.**

By:_/s/ Stacy Thompson_
    Meloney Perry
    State Bar No. 00790424
    Stacy Thompson
    State Bar No. 24046971
    Shannon Spizman
    State Bar No. 24086729

    10440 North Central Expressway, Suite 600
    Dallas, Texas  75231
    (214) 265-6201 (Telephone)
    (214) 265-6226 (Facsimile)
    mperry@mperrylaw.com
    sthompson@mperrylaw.com
    sspizman@mperrylaw.com

    **ATTORNEYS FOR DEFENDANT**
    **GOVERNMENT EMPLOYEES INSURANCE**
    **COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served on the following counsel of record on this the 25th day of August 2017 in accordance with the FEDERAL RULES OF CIVIL PROCEDURE:

***<u>Via Electronic Service</u>***
Rebecca C. Brightwell
LAW OFFICES OF REBECCA C. BRIGHTWELL, PLLC
415 S. First Street, Suite 430
Lufkin, Texas 75901
rcb@brightwelllaw.com
***Counsel for Plaintiff***

Darren M. Vanpuymbrouck
FREEBORN & PETERS, LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
dvan@freeborn.com
***Counsel for Plaintiff***

Jarad L. Kent
CHAMBLEE & RYAN, PC
2777 N. Stemmons Freeway, Suite 1157
Dallas, Texas 75207
jkent@cr.law
***Counsel for Defendant R&M Towing***


_____*/s/ Stacy Thompson*_____
Stacy Thompson

00058825.DOCX