# EXHIBIT

# 1

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **RAMONA L. SMITH, Individually and** | § | |
| **As Administrator of the Estate of Arthur** | § | |
| **Smith,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: _____** |
| | § | |
| **GOVERNMENT EMPLOYEES** | § | |
| **INSURANCE COMPANY and R&M** | § | |
| **TOWING AND RECOVERY,** | § | |
| **Defendants.** | § | |

---

### INDEX OF DOCUMENTS FILED IN STATE COURT

---

| | DOCUMENT | DATE |
|---|---|---|
| 1. | Plaintiff's Complaint and Request for Jury Trial (1-A) | 06/16/2017 |
| 2. | Letter from Brightwell (1-B) | 06/16/2017 |
| 3. | Citation for Government Employees Insurance Company (1-C) | 06/19/2017 |
| 4. | Citation for R&M Towing and Recovery (1-D) | 06/19/2017 |
| 5. | Email from Court enclosing Citations to Brightwell (1-E) | 06/19/2017 |
| 6. | Return of Service for R&M Towing (1-F) | 07/05/2017 |
| 7. | R&M Towing's *pro se* Answer (1-G) | 07/12/201 |
| 8. | R&M Towing's General Denial (1-H) | 08/22/2017 |
| 9. | Notice of Filing Notice of Removal (1-I) | 08/25/2017 |
| 10. | Register of Actions for State Court Action (1-J) | N/A |

00059164.DOCX

# EXHIBIT

# 1-A

17CV33998

Filed 6/16/2017 2:39:25 PM
Lori Oliver
District Clerk
Shelby County, Texas
Nicol Shedd

NO. 17cv33998

| | | |
|---|---|---|
| RAMONA L. SMITH, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ARTHUR SMITH | § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| v. | § § | SHELBY COUNTY, TEXAS |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY ("GEICO") and R&M TOWING AND RECOVERY ("R & M"), | § § § § § | |
| Defendants. | § § § | 273RD JUDICIAL DISTRICT |

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, RAMONA L. SMITH, INDIVIUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ARTHUR SMITH by and through her attorneys, for her complaint against Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY ("GEICO") and R&M Towing and Recovery ("R&M"), states as follows:

## PARTIES

1.     Plaintiff, Ramona L. Smith, Individually and as Administrator of the Estate of Arthur Smith is a resident of Shelbyville, Shelby County, Texas.

2.     Defendant, Government Employees Insurance Company ("GEICO") is a Maryland Corporation doing business in the State of Texas.

3.     Defendant GEICO can be served with process through its registered agent, James G. Brown, at 201 Spring Valley Road, Dallas, Texas 75244.

4.     Defendant, R&M Towing and Recovery ("R&M") is a Texas entity located at 1127 Ohio Street, Henderson, Texas 75652.

- 1 -

5.     Defendant R & M can be served with process at its facility located at 1127 Ohio Street, Henderson, Texas 75652.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action because the contract between the plaintiff, Mrs. Smith, and the defendant, GEICO, as well as the contract between the plaintiff, Mrs. Smith, and the defendant, R&M, were formed in Shelbyville, Texas.

7.     This Court has personal jurisdiction over GEICO because GEICO contracted with Mrs. Smith, a Texas resident, and the contract was to be performed in the state of Texas. *See* Texas Civ. Prac. & Rem. Code § 17.042(1).

8.     This Court has personal jurisdiction over R&M because R&M is a resident of the state of Texas.

9.     Venue is proper in this County under Tex. Civ. Prac. & Rem. Code §15.002 because a substantial part of the events or omissions giving rise to the claim occurred in this County, and also under §15.032 because the loss occurred in this County.

## FACTUAL BACKGROUND

### The accident and potential lawsuit

10.     Defendant, GEICO, issued insurance policy number 4182–17–68–28 to Mr. and Mrs. Smith that provided insurance coverage for the Smith's 2013 Jeep Wrangler, VIN Number 1C4AJWAGXDL531811 (the "Jeep").

11.     On June 9, 2013, Mrs. Smith's husband, Mr. Arthur Smith, was returning from a trip to Arkansas on his way to Nacogdoches, Texas, driving the Jeep on Texas Highway 259 near the intersection of County Road 186 in Kilgore, Texas.

12.   Without notice, a hidden defect within the Jeep caused an underbody fire that caused Mr. Smith to inhale carbon monoxide, which eventually led to the Jeep crashing into a bridge column.

13.   Although he was wearing his seatbelt, Mr. Smith died upon impact.

14.   Two days after Mr. Smith's death, Mrs. Smith received a Safety Recall Notice from Fiat Chrysler admitting that the Jeep was defective and that it could suffer an underbody fire and crash. (*See* Recall Notice attached as Exhibit A)

**Mrs. Smith's Contract with R & M**

15.   Following the crash, the local authorities notified R&M that the Smiths' Jeep needed to be secured and towed to a facility at which it could later be inspected.

16.   R&M drafted the contract that governed the provision of its towing and storage services with and for the benefit of Mrs. Smith. (*See* the Contract attached hereto as Exhibit B).

17.   In the Contract, R&M agreed and promised to tow and to store the remains of the Jeep Wrangler from Highway 259 to R&M's towing facility in Henderson, Texas without causing further damage to that evidence.

18.   Pursuant to the Contract with Mrs. Smith, R&M towed the Smiths' Jeep from the scene of the accident on Highway 259 to its facility in Henderson, Texas.

19.   Pursuant to the Contract with Mrs. Smith, R&M stored the Smiths' Jeep at its facility in Henderson, Texas.

20.   Pursuant to the Contract, R&M charged Mrs. Smith $1,644.35 for its services, including $914.35 in storage fees.

21.   On behalf of Mrs. Smith, R & M was paid for its towing and storage services.

22.     Pursuant to their Contract, while the Jeep was in R&M's possession, R&M acknowledged that it needed Mrs. Smith's permission to allow various investigators access to the vehicle for inspection.

23.     Through a written letter, Mrs. Smith granted R&M's request for permission to allow access to the Jeep while in R&M's possession. (*See* Mrs. Smith's letter to R&M regarding access to the Jeep attached as Exhibit C).

24.     Mrs. Smith's letter to R&M specifically stated that "no one else has my permission to view the vehicle without consulting my attorney." (*Id.*)

25.     On or about July 16, 2013, R&M was in possession and control of Mrs. Smith's Jeep.

26.     On or about July 16, 2013, without notice to Mrs. Smith and in breach of its Contract with Mrs. Smith, R&M intentionally and knowingly released the Jeep to the custody and control of GEICO, which thereafter destroyed that evidence.

**Mrs. Smith's First Contract with GEICO**

27.     Following R&M's breach of its Contract, on or about July 18, 2013, while Mrs. Smith's Jeep was in GEICO's possession and control through its agent, IAA, GEICO contracted with Mrs. Smith concerning its continuing storage and preservation of that evidence.

28.     GEICO, through its employee and agent, Micah Chambers drafted the Contract governing its agreement to store and preserve the remains of the Jeep dated July 19, 2013. (*See* Mrs. Smith's first contract with GEICO attached hereto as Exhibit D)

29.     Pursuant to its Contract with Mrs. Smith, GEICO promised that "... this vehicle [will be] on hold until further notice. Do not sell this vehicle until you receive written authorization from our company to do so. We agree that this vehicle will be processed in

- 4 -

accordance with IAA's HOLD policy including full wrap and restricted access. Only parties with written authorization from our office will be permitted to access the vehicle." (*Id.*)

30.     In consideration for GEICO's promise to store and preserve the evidence, Mrs. Smith's agreed to forgo her right to take possession of that evidence, which ensured that GEICO could eventually sell the remains of the Jeep after Mrs. Smith had fully litigated her claim.

31.     Mrs. Smith reasonably relied on GEICO's representations and her Contract with GEICO to ensure the preservation of the Jeep while she pursued her investigation of her husband's death and her possible legal claims.

32.     On or about February 12, 2014, Mrs. Smith contacted GEICO and requested that the Jeep be moved into her possession.

33.     In response to Mrs. Smith's request, another GEICO employee, David Perry, Mr. Chamber's supervisor, falsely misrepresented to Mrs. Smith that GEICO was prevented by Texas law from allowing Mrs. Smith to have the Jeep moved to her property and possession.  Mr. Perry reassured Mrs. Smith that GEICO would continue to hold and preserve the Jeep until the resolution of her legal claims. Mrs. Smith relied on Mr. Perry's representation that GEICO would store and preserve the Jeep until the resolution of her legal claims.

34.     GEICO breached its contract with Mrs. Smith when it sold that evidence for $25 as scrap.

35.     GEICO's breach of its written contract with Mrs. Smith has caused her significant monetary damages and extreme emotional distress.

**Mrs. Smith's Second Contract with GEICO**

36.     On June 4, 2014, Mrs. Smith's counsel faxed a letter to GEICO offering, on behalf of Mrs. Smith, to allow GEICO to continue to remain in possession of the evidence in

exchange for GEICO's renewed promise to hold and preserve that evidence while Mrs. Smith

further investigated her possible lawsuit as required under Texas law. (*See* Exhibit E)

37.    In response to Mrs. Smith's offer, on June 13, 2014, GEICO faxed Mrs. Smith's

counsel an acceptance of that offer setting forth the terms of the second contract between Mrs.

Smith and GEICO that had been executed on behalf of GEICO on June 11, 2014, as follows:

   a. That the Jeep be placed "on hold until further notice;"

   b. That the Jeep "not be sold without written authorization;"

   c. That the Jeep be "processed in accordance with IAA's Hold policy including full

      wrap and restricted access;" and,

   d. That "only parties with written authorization be permitted to access the vehicle."

      (*See* Mrs. Smith's second contract with GEICO attached hereto as Exhibit F)

38.    Less than one month after entering into this second written contract with Mrs.

Smith, GEICO breached its promises to Mrs. Smith and sold the Jeep for $25.00. That evidence

was subsequently destroyed.

39.    GEICO's breach of its written contract with Mrs. Smith has caused her significant

monetary damages and extreme emotional distress.

### Procedural history

40.    On June 8, 2015, Mrs. Smith filed a lawsuit against FCA/Chrysler and GEICO

arising from her husband's car accident in the United States District Court for the Eastern

District of Texas (*Smith v. Chrysler, et al.*, Case No. 1:15-cv-218).

41.    On August 10, 2015, Mrs. Smith filed her first amended complaint.

42.    Mrs. Smith's first amended complaint asserted two claims against GEICO (breach

of good faith and fair dealing, and violation of the Texas Insurance Code), both of which alleged

that GEICO breached its insurance policy with Mrs. Smith by destroying the remnants of the Subject Vehicle.

43.     On April 8, 2016, the U.S. District Court for the Eastern District of Texas granted GEICO's motion for summary judgment because it found that GEICO did not breach any duty owed to Mrs. Smith *under its insurance contract* with Mrs. Smith.

44.     Defendant GEICO's breach of its contract with Mrs. Smith and its fraudulent misrepresentation to her was not litigated in the prior federal proceeding, because the U.S. District Court inexplicably denied Mrs. Smith's request to amend her complaint to include those causes of action.

45.     As a result of Defendant GEICO's breach of its contracts to store and preserve the Jeep and as a result of GEICO's fraudulent and negligent misrepresentations to Mrs. Smith, Plaintiff Mrs. Smith has suffered actual, consequential, and incidental damages.

## COUNT I –BREACH OF CONTRACT (R&M)

46.     Mrs. Smith incorporates and re-alleges paragraphs 1-45 as if fully set forth herein.

47.     There was a valid and enforceable contract between Mrs. Smith and R&M pursuant to which R&M agreed and promised that it would store the remains of the Jeep and cause no further damage to that evidence beyond what was noted in the parties' contract in exchange for Mrs. Smith payment of R&M's fees. (*See* Exhibit B).

48.     Mrs. Smith performed her obligations under the contract by causing R&M's fees to be paid in full.

49.     Pursuant to the contract, while the Jeep was in R&M's possession, Mrs. Smith directed R & M that, "No one else has my permission to view the vehicle without consulting my attorney." (*See* Exhibit C).

50.     In breach of its contractual obligations and Mrs. Smith's written directive, R&M released the Jeep to GEICO's agent, IAA, without Mrs. Smith's consent or permission.

51.     As a result of this breach by R&M, that evidence was destroyed and Mrs. Smith has suffered significant pecuniary damages and emotional distress caused by R & M's breach.

### COUNT II– BREACH OF CONTRACT/THIRD-PARTY BENEFICIARY (R & M)

52.     Mrs. Smith incorporates and re-alleges paragraphs 1-51 as if fully set forth herein.

53.     In the alternative, Mrs. Smith was an intended beneficiary of the contract governing R&M's towing and storage services of the Jeep.

54.     Mrs. Smith deceased husband, Arthur Smith is specifically identified as R&M's customer in the contract.

55.     Mrs. Smith knew of the contract and detrimentally relied on the rights created under the contract, namely that the remains of the Jeep that were evidence related to her husband's death and her legal rights would be preserved.

56.     In writing to R&M authorizing an inspection of the Jeep, but stating that "no one else has my permission to view the vehicle without consulting my attorney," Mrs. Smith expressly assented to the contract that required R&M to store and maintain the Jeep causing no further damage to the same.

57.     As a result of this breach by R&M, that evidence was destroyed and Mrs. Smith has suffered significant monetary damages and emotional distress as a result of R & M's breach.

### COUNT III –PROMISSORY ESTOPPEL (R & M)

58.     Mrs. Smith incorporates and re-alleges paragraphs 1-57 as if fully set forth herein.

59.     In the alternative, Mrs. Smith asserts a claim against R & M under the theory of Promissory Estoppel. *See, e.g. Trevino & Assocs. Mech., L.P. v. Frost Nat. Bank*, 400 S.W.3d

139, 146 (Tex. App. 2013) ("Generally, promissory estoppel is a viable alternative to breach of contract.").

60.    R & M promised Mrs. Smith that it would hold and preserve the Jeep until she authorized its release.

61.    It was reasonably foreseeable that Mrs. Smith would rely on R & M's promise, since R & M knew that Mrs. Smith's husband had been killed in a crash while driving the Jeep, and because R & M had been advised that no one was to be allowed to inspect the Jeep without Mrs. Smith's attorney's permission.

62.    Mrs. Smith relied on R & M's promise to her detriment; because of R & M's promise, Mrs. Smith materially changed her position by deciding to not seek to take possession and control of the Jeep.

63.    But for R & M's promise, Mrs. Smith would have retrieved the Jeep and stored it in her own possession.

64.    Mrs. Smith was damaged by her reasonable reliance on R & M's promise because she was unable to fully inspect the Jeep; specifically, the power steering line and transmission oil cooler tubes that were defectively spaced from one another and were the subject of a recall by FCA.

65.    R & M's breach of its contract with Mrs. Smith and its breach of its representations to her caused her monetary damages and extreme emotional distress.

## COUNT IV – BREACH OF FIRST CONTRACT (GEICO)

66.    Mrs. Smith incorporates and re-alleges paragraphs 1-65 as if fully set forth herein.

67.    Mrs. Smith and GEICO entered a Contract on or about July 19, 2013, pursuant to which GEICO agreed to hold and preserve the Jeep until Mrs. Smith could fully investigate and

pursue her possible legal claims. In exchange for this promise, Mrs. Smith agreed not to take possession and control of the vehicle.

68.     This contract was executed by GEICO through its representative and employee, Micah Chambers. (See Exhibit D).

69.     Mrs. Smith performed her obligations under the contract by foregoing any effort to take possession or control of that evidence from GEICO.

70.     GEICO breached the contract on July 10, 2014, when it sold the Jeep for its scrap value without providing any notice to Mrs. Smith.

71.     GEICO's breach of its contract with Mrs. Smith has caused her monetary damages and extreme emotional distress.

### COUNT V-BREACH OF SECOND CONTRACT (GEICO)

72.     Mrs. Smith incorporates and re-alleges paragraphs 1-71 as if fully set forth herein.

73.     On May 23, 2014, Mrs. Smith, through her counsel, made a contractual proposal to GEICO requesting that in exchange for allowing GEICO to remain in possession of the Jeep, that GEICO "preserve all evidence including the ECM unit in the 2013 Jeep Wrangler referenced above involved in the accident in Rusk County on June 9, 2013." (*See* Mrs. Smith's offer attached as Exhibit E)

74.     On June 13, 2014, GEICO accepted Mrs. Smith's offer through its contract signed and by Micah Chambers executed on behalf of Defendant GEICO as of June 11, 2014. (*See* Second Contract attached as Exhibit F)

75.     Pursuant to this contract between Mrs. Smith and GEICO, GEICO promised:

76.     that it would place the Jeep "on hold until further notice;"

77.     that it "would not sell the vehicle;"

78.    that the Jeep would be "processed in accordance with IAA's HOLD policy including full wrap and restricted access;" and,

79.    that "only parties with written authorization from our office will be permitted to access the vehicle."

80.    On July 10, 2014, less than one month after contractually agreeing to hold and preserve this evidence, GEICO sold the Jeep for its scrap value in breach of its contract with Mrs. Smith.

81.    GEICO's breach of its contract with Mrs. Smith has caused her monetary damages and extreme emotional distress.

## COUNT VI –PROMISSORY ESTOPPEL (GEICO)

82.    Mrs. Smith incorporates and re-alleges paragraphs 1-81 as if fully set forth herein.

83.    In the alternative, Mrs. Smith asserts a claim against GEICO under the theory of Promissory Estoppel. *See, e.g. Trevino & Assocs. Mech., L.P. v. Frost Nat. Bank,* 400 S.W.3d 139, 146 (Tex. App. 2013) ("Generally, promissory estoppel is a viable alternative to breach of contract.").

84.    GEICO promised Mrs. Smith that it would hold and preserve the Jeep until resolution of her legal claims arising from her husband's death.

85.    It was reasonably foreseeable that Mrs. Smith would rely on GEICO's promise, since GEICO was her car insurer, GEICO knew that Mrs. Smith's husband had been killed in a crash while driving the Jeep, GEICO was aware that Mrs. Smith was seeking counsel to file a lawsuit arising from that crash, and GEICO was aware that Mrs. Smith needed an expert to investigate the Jeep as part of her lawsuit.

86.   Mrs. Smith relied on GEICO's promise to her detriment; because of GEICO's promise, Mrs. Smith materially changed her position by deciding to not seek to take possession and control of the Jeep.

87.   But for GEICO's promise, Mrs. Smith would have retrieved the Jeep and stored it in her own possession.

88.   Mrs. Smith was damaged by her reasonable reliance on GEICO's promise because she was unable to fully inspect the Jeep; specifically, the power steering line and transmission oil cooler tubes that were defectively spaced from one another and were the subject of a recall by FCA.

89.   GEICO's breach of its contract with Mrs. Smith and its breach of its representations to her caused her monetary damages and extreme emotional distress.

### COUNT VII-FRAUDULENT MISREPRESENTATION (GEICO)

90.   Mrs. Smith incorporates and re-alleges paragraphs 1-89 as if fully set forth herein.

91.   GEICO misrepresented to Mrs. Smith through its employee, David Perry, that the remains of the Jeep could not be towed to Mrs. Smith's property for safe keeping because that would be a violation of Texas law.

92.   This statement was a misrepresentation because Texas law has no such requirement.

93.   GEICO made this misrepresentation to Mrs. Smith because GEICO wanted to ensure that it could receive $25 for the scrap value of the Jeep, which it knowingly and intentionally withheld from Mrs. Smith.

94.   GEICO knew that its representation was false, or it made that representation recklessly without any knowledge of the truth and as a positive assertion.

95.     GEICO made this representation with the intent that Mrs. Smith would act on it and allow GEICO to continue possessing the Jeep.

96.     Mrs. Smith acted in reliance on GEICO's misrepresentation by deciding not to seek to have the Jeep removed from GEICO's possession and stored on her property.

97.     As a result of defendant GEICO's fraudulent misrepresentations to Mrs. Smith, and her reliance on said representations, she has suffered monetary damages and extreme emotional distress.

## COUNT VIII- NEGLIGENT MISREPRESENTATION (GEICO)

98.     Mrs. Smith incorporates and re-alleges paragraphs 1-97 as if fully set forth herein.

99.     Defendant GEICO made a representation to Mrs. Smith in the course of its business as Mrs. Smith's insurance carrier that it would hold and preserve the Jeep.

100.    GEICO also made a representation to Mrs. Smith that Texas law prohibited her from re-claiming her vehicle and storing it on her property.

101.    Defendant GEICO's representation to Mrs. Smith was false information imparted to Mrs. Smith as guidance in the course of GEICO's business.

102.    Defendant GEICO did not exercise reasonable care or competence in communicating its promise that it would hold and preserve the Jeep as evidenced by GEICO's sale of the Jeep for its scrap value for $25 when it knew that Mrs. Smith's husband was killed when the Jeep crash and that Mrs. Smith was investigating the cause of the crash in her possible legal rights.

103.    Mrs. Smith has suffered a pecuniary loss as well as extreme emotional distress in her justifiable reliance on GEICO's representation that it would hold and preserve the Jeep.

## PRAYER FOR RELIEF

ACCORDINGLY, Mrs. Smith prays that this Court enter judgment in her favor and against the Defendants R & M and GEICO, including her attorney's fees and costs, and for such other and further relief which this honorable Court deems just and reasonable.

## REQUEST FOR TRIAL BY JURY

Mrs. Smith requests trial by jury on all issues for which jury trial is allowed.

Dated: June 16, 2017                    Respectfully Submitted,

REBECCA C. BRIGHTWELL
SBN: 24035562
415 S. FIRST STREET, SUITE 430
LUFKIN, TX 75901
TPN: 936-639-2550
FAX: 936-639-2554
EMAIL: rcb@brightwelllaw.com

DARREN M. VANPUYMBROUCK
(PHV to be applied for)
FREEBORN & PETERS, LLP
311 SOUTH WACKER DRIVE
SUITE 3000
CHICAGO, IL 60606
TPN: 312-360-6000
FAX: 312-360-6520
EMAIL: dvan@freeborn.com

**ATTORNEY FOR PLAINTIFF
RAMONA M. SMITH, INDIVIDUALLY
AS ADMINISTRATOR OF THE
ESTATE OF ARTHUR SMITH**

- 14 -

# Exhibit A

ˌᵢₙˌₗᵢₗᵢᵢᵢⁱⁱˡˡˡⁱⁱˡˡⁱˡⁱₗˡⁱₗₗⁱⁱˡˡⁱⁱˡⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱ

AUBURN HILLS MI 48321-9969
PO BOX 218008
RECALL ADMINISTRATION 482-00-85

POSTAGE WILL BE PAID BY ADDRESSEE

FIRST-CLASS MAIL     PERMIT NO. 9941     DETROIT MI

BUSINESS REPLY MAIL

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# CHRYSLER  GROUP  LLC

CIMS 482-00-85
PO Box 218008
Auburn Hills MI USA 48321-8008
Electronic Service Requested

PRESORTED
FIRST CLASS MAIL
U.S. POSTAGE
P A I D
PERMIT #2655
DETROIT, MI

# IMPORTANT!

# SAFETY RECALL NOTICE

XX  #1

DL531811     N28     0120622
ARTHUR SMITH
10391 STATE HIGHWAY 87 S
SHELBYVILLE, TX  75973-2946
ₗₗⁱⁱˡⁱₗⁱₗₗⁱₗⁱˡⁱˡₗⁱⁱˡⁱₗⁱⁱˡⁱⁱⁱₗˡⁱₗⁱⁱⁱⁱ

0120622/#60991

 **CHRYSLER**

### SAFETY RECALL N28 / NHTSA 13V-234
### TRANSMISSION OIL COOLER TUBE

Dear ARTHUR SMITH

This interim notification letter is sent to you in accordance with the requirements of the National Traffic and Motor Vehicle Safety Act.

Chrysler has decided that a defect, which relates to motor vehicle safety, exists in some 2012 and 2013 model year Jeep, Wrangler vehicles equipped with an automatic transmission.

| | |
|---|---|
| *The problem is...* | The transmission oil cooler tube on your vehicle (VIN: 1C4JWAGXDL531811 ) may inadvertently come in contact with the power steering fluid return tube. This tube-to-tube contact could eventually cause the transmission oil cooler tube to develop a wear hole and leak. A loss of transmission fluid could cause transmission damage and if the leaking transmission fluid comes in contact with an ignition source, cause an underbody fire. |
| *What your dealer will do...* | Chrysler intends to repair your vehicle free of charge (parts and labor). However, the parts required to provide a permanent remedy for this condition are currently not available. Chrysler is making every effort to obtain these parts as quickly as possible. <u>Chrysler will contact you again by mail, with a follow-up recall notice, when the remedy parts are available.</u> |
| *What you must do to ensure your safety...* | Once you receive your follow-up recall notice in the mail, simply contact your Chrysler, Jeep or Dodge dealer right away to schedule a service appointment. Ask the dealer to hold the parts for your vehicle or to order them before your appointment. **NOTE:** In the unlikely event that your vehicle develops a transmission fluid leak, bring the vehicle to your dealer for diagnosis and repair. |
| *If you need help...* | If you have questions or concerns which your dealer is unable to resolve, please contact the Chrysler Group Recall Assistance Center at 1-800-853-1403. |

Please help us update our records by filling out the attached prepaid postcard if any of the conditions listed on the card apply to you or your vehicle.   You may also update this information on the web at www.chrysler.com/ownersreg.

If you have already experienced this condition and have paid to have it repaired, please send your original receipts and/or other adequate proof of payment to the following address for reimbursement: Chrysler Customer Assistance, P.O. Box 21-8007, Auburn Hills, MI 48321-8007, Attention: Reimbursement. Once we receive and verify the required documents, reimbursement will be sent to you within 60 days.

If your dealer fails or is unable to remedy this defect without charge and within a reasonable time, you may submit a written complaint to the Administrator, National Highway Traffic Safety Administration, 1200 New Jersey Ave., S.E., Washington, DC  20590, or call the toll-free Vehicle Safety Hotline at 1-888-327-4236 (TTY 1-800-424-9153), or go to http://www.safercar.gov.

We're sorry for any inconvenience, but we are sincerely concerned about your safety. Thank you for your attention to this important matter.

Customer Services / Field Operations
Chrysler Group LLC
Notification Code N28

*Note to lessors receiving this recall: Federal regulation requires that you forward this recall notice to the lessee within 10 days.*

     

0102672#60991

**PLEASE HELP US UPDATE OUR RECORDS IF ANY OF THE FOLLOWING CONDITIONS APPLY**

VIN (Last 8 Characters of Vehicle Identification Number)                Notification Code

DL531811                N28

This service was previously performed on my vehicle *(check one if applicable)*:

☐ My vehicle was inspected and found to be ok.

☐ My vehicle was repaired.

This vehicle was *(check one if applicable)*:

☐ scrapped            ☐ stolen            ☐ exported

This vehicle was sold to *(check one if applicable)*:

☐ A dealer, or someone whose name and address is unknown.

☐ Someone other than a dealer *(type or print the new owner's name and address below)*.

Date of sale: _____

Updated name and address *(type or print the new owner's name and address or your new name and/or address if it has changed)*:

Owner's title *(check one if applicable)*:

☐ Mr.        ☐ Miss        ☐ Mr. & Mrs.        ☐ Dr.

☐ Mrs.        ☐ Ms.        ☐ Rev.        ☐ Business

First Name_____ MI _____

Last Name_____

Street Address _____

_____

City_____

State _____ Zip Code_____

Email Address_____

# Exhibit B

000378

# R & M TOWING AND RECOVERY

TDLR # 006944720

| 1127 Ohio St. | 1395 US Hwy. 79 N. | 216 E. Access Rd. |
|---|---|---|
| Henderson, TX 75652 | Carthage, TX 75633 | Nacogdoches, TX 75965 |
| 903-655-6880 | 903-690-0577 | 936-569-9996 |
| 0617443VSF | 0631117VSF | 936-569-9086 |
| | | Fax 903-657-8589 |
| | | 0644405VSF |

**TOW OPERATOR NAME:** Jason Horn

**TOW OPERATOR LIC.#** 24656 / T23116F

**TYPE OF TOW:** ☐ CT   ☐ PPI   ☒ M

**TIME OF DISPATCH:** 2:15   ☐ AM ☐ PM
**ARRIVAL TIME:** 2:40   ☐ AM ☐ PM

**AGENCY/PERSON REQUESTING TOW:** RCSO
**ADDRESS:**
**PHONE:**
**VEHICLE HOLD:** ☐ YES   ☒ NO
☐ IMPOUND SHEET #
☐ OTHER

**DATE OF TOW:** Friday 6-9-13   **TIME OF TOW:** ☐ AM ☐ PM
**LOCATION OF VEHICLE:** Hwy 259
**LOCATION TOWED TO:** R+M Towing
**TIME DROPPED OFF:** ☐ AM ☐ PM   **PERSON ACCEPTING:**
**CUSTOMER NAME:** Arthur Smith   **PHONE:**
**DRIVER NOTES:** 10391 Hwy 87 S
Shelbyville, TX 75973

| YEAR | MAKE | MODEL | COLOR | LICENSE# | STATE | DOORS | V.I.N. |
|---|---|---|---|---|---|---|---|
| 2013 | Jeep | Wrangler | Orange | BLF7097 | TX | | 1CAAJWAGXDL531811 |

## TOWING CHARGES DESCRIPTION

| | AMOUNT |
|---|---|

**✳ Wreck ✳**

**SPECIAL EQUIPMENT:** ☐ SLING/HOIST   ☐ GOJAKS   ☒ FLATBED   ☐ WHEEL LIFT
☐ DOLLIES   ☐ 5TH WHEEL   ☒ SNATCH BLOCKS
☐ AIR BAGS   ☐ OTHER:

| | | |
|---|---|---|
| **MILEAGE: START** _____ **MILEAGE END** _____ **TOTAL MILES TOWED:** _____ X $ _____ PER MILE → | **TOWING** | 200 00 |
| **WINCH TIME START:** _____ ☐ AM ☐ PM   **WINCHING: $** _____ PER HOUR X _____ HOURS → | **SPECIAL EQUIPMENT** Flat Bed | 65 00 |
| **WINCH TIME END:** _____ ☐ AM ☐ PM | **MILEAGE** 30 | 90 |
| **TYPE OF SERVICE:** ☐ LOCKOUT ☐ TIRE CHANGE ☐ FUEL REPLACEMENT ☐ OTHER | **WINCHING** | 125 00 |
| **OTHER:** | **SERVICE FEE** | |
| **VEHICLE/INVENTORY NOTES:** | | |

| | | |
|---|---|---|
| **STORAGE:** R+M   **DATE RELEASED:** 7-16-15 | **ONE HOUR NOTICE RECEIVED:** | **Labor** 125 00 |
| **DATE ENTERED:** 6-9-13   **TIME RELEASED:** _____ ☐ AM ☐ PM | **DATE:** **VSF initials:** | **CLEAN UP** 125 00 |
| **TIME ENTERED:** 4:30 ☐ AM ☐ PM   **TIME:** | **TAX** | |
| **GOVERNMENT ENTITY FEE EXPLANATION:** | | |
| **VEHICLE RELEASED TO:** X Clara Morgan | **TOTAL DAYS STORAGE:** 39 | **TOW FEES TOTAL** 730 00 |
| **TYPE OF IDENTIFICATION USED:** X 3529 | | **STORAGE CHARGES** |
| **IMPOUNDMENT FEE:** Date Performed: 6-9-13 | X | **STORAGE** 780 00 |
| ☒ MOTOR VEHICLE RECORD INQUIRY   ☒ SECURE VEHICLE   ☐ INVENTORY | $ 20 00 PER DAY | **NOTIFICATION FEE** 50 00 |
| | | **IMPOUNDMENT FEE** 20 00 |

| | | |
|---|---|---|
| **PAYMENT:** ☐ ☐ ☐ ☐☐ ☐ CASH ☒ CHECK | DIRECT ALL COMPLAINTS TO: | **GOVERNMENT ENTITY FEE** |
| **CC#:** | Texas Department of Licensing and Regulation | **SALES TAX** 64 35 |
| **CC AUTHORIZATION:** | P.O. Box 12157 Austin, Texas 78711 | |
| **CHECK#:** | http://www.license.state.tx.us/complaints or email: Towing@license.state.tx.us | **STORAGE FEES TOTAL** 914 35 |
| TOWING COMPANY NOT RESPONSIBLE FOR DAMAGES NOTED ABOVE, AND PERSONAL PROPERTY LEFT IN VEHICLE, OR FOR VEHICLE ITSELF AFTER DELIVERING TO ANY LOCATION, ESPECIALLY IN CASE OF FIRE, THEFT, VANDALISM, OR ANY OTHER CAUSE BEYOND OUR CONTROL. | MD/E/A Inc. One Idea Way, Caldwell, ID 83605-6902 • Call Toll Free 1-800-635-6251 • Item No. 1182 | **GRAND TOTAL** 1644 35 |

GEICO1_000210

1

# Exhibit C

I Ramona L. Smith

hereby authorize Cliff Carpenter,

John Ament, Nick Peacock,

Lynda Kay Russell, (Glenda Zinner) and

Sharla Foster to view and

inspect the 2013 Jeep Wrangler.

No one else has my permission

to view the vehicle without consulting

my attorney.

Ramona L Smith
Wife

GEICO1_000216

7

# Exhibit D

JUL 19, 2013 10:53AM

JUN 19, 2013 4:22PM

No. 5374   P. 1

P. 1

‹IAAI GEN 9801744 GENERAL.DOCB›
Stock#:1655671 Hold Request

## REQUEST TO PLACE A VEHICLE ON HOLD

**To:** Insurance Auto Auctions          **Fax :** (903) 555-0210

**Location:** Longview

**Claim Number:** 011290744010101011          **IAA Stock Number:** 000-11655671

**Year:** 2013    **Make:** JEEP          **Model:** WRANGLER

**VIN:** 1C4AJWAGXDL551911

**Reason for Hold:** _Fatality accident_

On behalf of _Mona Smith_ Please place this vehicle on hold until further notice. Do not sell this vehicle until you receive written authorization from our company to do so. We agree that this vehicle will be processed in accordance with IAA's HOLD policy including full wrap and restricted access. Only parties with written authorization from our office will be permitted to access the vehicle.

_[signature]_          _Claims Examiner_
Signature                    Title

_Micah Chambers_          _7/19/13_
Printed Name                  Date

**Phone:** 972  701 - 1706

**Email:** michambers @ geico.com

**Additional Email:** jcoody @ geico.com

IAA Doc. RF634.qt          7/19/2013  4:23:30PM

GEICO1_000161

# Exhibit E

Jun. 11. 2014. 2:53PM   IAAI BECCA C. BRIGHTWELL, ATTORNEY   (FAX)9366392554          No. 4055   P. 3/08



### BRIGHTWELL
REBECCA COUSINS BRIGHTWELL, ATTORNEY AT LAW

June 4, 2014

IAA
Attention: Robert Dunning
5377 U.S. Hwy 80 East
Longview, Texas 75605

Geico (Government Employees Insurance Company)
P.O. Box 509090
San Diego, California 92150-9090

Re: DEMAND FOR PRESERVATION OF INFORMATION ON 2013 JEEP WITH
LICENSE PLATE BLF7097.

Regarding the Rusk County Accident involving the vehicle referenced above and Arthur Smith, deceased.

To Whom It may concern:

I represent Ramona Smith, Ramona Allen and Glenda Zimmer in a suit to recover all damages and compensation to which my client or any child of my client is entitled to.

This letter is sent to inform you to preserve all evidence, including the ECM unit in the 2013 Jeep Wrangler referenced above, involved in the accident in Rusk County on June 9, 2013. Please preserve all equipment, parts and manuals used in relation with the ECM Unit and both vehicles referenced above involved in the accident. It is our intent to seek electronic information during the course of discovery, and to put you on notice of your obligation to preserve all such evidence. Under Texas law, once a party knows that an action has been brought, or reasonably should know that there is a substantial chance that the claim will be filed, that party has a duty to preserve evidence in the party's possession and control that will be relevant and material to the claim. *Wal-Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 722 (Tex. 2003).

We request that you comply with these legal obligations and preserve all potentially relevant electronic or magnetic documents and information. For evidence preservation purposes, it is necessary that electronic data continue to be preserved in a format that maintains metadata, maintains file search ability, and allows access to formulas (such as those used in spreadsheets). For instance, it is not acceptable to convert word processing document files into "TIFF" files, which maintain an image of the file, but do not preserve hidden data.

113 GASLIGHT BOULEVARD, SUITE B.                                    LUFKIN, TEXAS 75904
TELEPHONE: 936-639-2550.          RCB@BRIGHTWELLLAW.COM          FAX: 936-639-2554

For purposes of this letter, metadata is defined as "data about data." That is, the information that is generated when computer files are created, modified, or deleted, or when emails are created, sent, or received, and that provides a history of the creation, editing, manipulation, and distribution of such files and emails.

While we will be seeking discovery of all relevant data, please be informed that some items are of particular interest to us and these items will be the subject of initial requests.

- All emails sent or received between the dates of June 9, 2013, and present date that either relate to the subject matter of this law suit, or were sent or received by R&M Towing & Recovery and Geico (Government Employers Insurance Company) representatives, employees, adjusters, and risk management members.

- All electronic documents, including text files and spreadsheets that relate in any way to the accident in question.

At this time, we are not requesting the production of electronic data that is not reasonably available during the ordinary course of business.

We specifically request that you, institute a litigation hold, halting routine back-up procedures that may result in destruction of electronic data, and informing all employees of their obligation to cease deletion or destruction of information, whether in electronic or paper form. Additionally, it is important that no computer equipment be discarded or reformatted, unless the information contained on that equipment is preserved. For instance, mirror images should be made of any hard drives before an employee's computer is reformatted. If any computer systems or software is upgraded during the course of this litigation, adequate steps must be taken to ensure that pre-existing data remains accessible.

Please be informed that, while we presume you will comply with your evidence preservation obligations, we will vigorously pursue any remedies for spoliation or destruction of evidence. Such remedies may include an adverse inference instruction given at trial, or even the striking of your pleadings.

The policy number pertaining to the insurance on this vehicle is 4181-17-68-28 for the 2013 Jeep Wrangler with License Plate number BLF7097.

If you have any questions concerning this data preservation demands, please contact us. You may reach Rebecca Cousins Brightwell, the attorney who will be coordinating our discovery efforts by telephone at (936) 639-2550 or by fax of (936) 639-2554.

We will hope to meet with you soon, and develop a cooperative approach to managing electronic discovery in this matter.

Very truly yours,

<IAAI GEN 12063292 GENERAL.DOCX>
(Stock 11205307, Misc. Document Child Ablated)



LAW OFFICES OF REBECCA C. BRIGHTWELL, P.L.L.C.

REBECCA COUSINS BRIGHTWELL
Email: rcb@brightwelllaw.com
RCB/mdn

<FAX: GEN. 720j3292 GENERAL.DOCX>

# Exhibit F

# GEICO Fax



| GEICO DIRECT | Government Employees Insurance Company<br>GEICO General Insurance Company<br>GEICO Indemnity Insurance Company<br>GEICO Casualty Insurance Company | ■ Chevy Chase, MD.<br>■ Fredericksburg, VA<br>■ Woodbury, NY<br>■ Macon, GA<br>■ Poway, CA | ■ Dallas, TX<br>■ Lakeland, FL<br>■ Honolulu, HI.<br>■ Coralville, IA<br>■ Virginia Beach, VA |

To:     19366392554
From:   ClaimsAtlas@geico.com
Date:   June 13, 2014 18:23:54 GMT
Subj:   ::DEFA::cc:4540188||cc:5097613::Claim Documents (0112907440101013)
Pages:  3

---

Date:                           June 13, 2014

To:                             Rebecca Cousins-brightwell

Fax Number:                     936-639-2554

From:                           Micah Chambers 800-841-5432 x1706
                                Government Employees Insurance
                                Company
                                P.O. Box 509105
                                San Diego, CA - 92150-9930

Subject:                        Claim Documents (0112907440101013)

Message:

This email/fax message is for the sole use of the intended
recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution of this
email/fax is prohibited. If you are not the intended recipient, please
destroy all paper and electronic copies of the original message.

(Page 1 of 1)

Jul. 18. 2013  4:23PM

No. 6301   P. 1



**IAA.**
INSURANCE
AUTO AUCTIONS

## REQUEST TO PLACE A VEHICLE ON HOLD

To: ___Insurance Auto Auctions___   Fax : ___(903) 553-0210___

Location: ___Longview___

Claim Number: ___0112907440101013___   IAA Stock Number: ___000-11655671___

Year: ___2013___  Make: ___JEEP___   Model: ___WRANGLER___

VIN: ___1C4AJWAGXDL531811___

Reason for Hold: ___PENDING LITIGATION___

On behalf of ___REBECCA COUSINSBRIGHTWELL / RAMANA SMITH___. Please place this vehicle on hold until further notice. Do not sell this vehicle until you receive written authorization from our company to do so. We agree that this vehicle will be processed in accordance with IAA's HOLD policy including full wrap and restricted access. Only parties with written authorization from our office will be permitted to access the vehicle.

_(signature)_
Signature

___CLAIMS EXAMINER___
Title

___MICAH CHAMBERS___
Printed Name

___6/11/2014___
Date

Phone: ___972.701-1706___
Email: ___michambers @ geico.com___
Additional Email: _____

IAA Doc. RP834.rpt

7/18/2013  4:23:50PM

# EXHIBIT

# 1-B

17CV33998

Filed 6/16/2017 3:56 PM
Lori Oliver
District Clerk
Shelby County, Texas
Nicol Shedd



# REBECCA COUSINS-BRIGHTWELL, ATTORNEY AT LAW

June 16, 2017

Ms. Lori Oliver
Shelby County District Clerk
P.O. Box 1953
Center, TX 75935

Re:     Cause No.17CV33998; *Ramona Smith, Individually and as Administrator of the Estate of Arthur Smith vs. Government Employees Insurance Company("GEICO") and R&M Towing and Recovery ("R&M");* In the District Court of Shelby County, Texas

Dear Ms. Oliver:

I respectfully request that you prepare and issue two citations in this matter to the following Defendants:

1.     Government Employees Insurance Company "GEICO"
      Registered Agent: James G. Brown
      201 Spring Valley Road
      Dallas, TX 75244

2.     R&M Towing and Recovery
      1127 Ohio Street
      Henderson, TX 75652

Please email the citations to our office. I will forward the citation for service at a later date. Thank you for giving this matter your prompt attention.

Very truly yours,

LAW OFFICES OF REBECCA C. BRIGHTWELL, P.L.L.C.

REBECCA COUSINS BRIGHTWELL
RCB/tn

# EXHIBIT

# 1-C

**LORI OLIVER, DISTRICT CLERK - P.O. DRAWER 1953, CENTER, TX 75935**   **936-598-4164**

Cause No. 17CV33998

| | | |
|---|---|---|
| RAMONA L. SMITH, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ARTHUR SMITH | I | IN THE DISTRICT COURT |
| | I | 123RD/273RD JUDICIAL DISTRICT |
| V. | I | SHELBY COUNTY, TEXAS |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY ("GEICO") AND R&M TOWING AND RECOVERY ("R& M") | I | |

TO:  **GOVERNMENT EMPLOYEES INSURANCE COMPANY "GEICO", Registered Agent: James G. Brown, 201 Spring Valley Road, Dallas, TX 75244:**

**Notice to defendant**: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

You are hereby commanded to appear by filing a written answer to the **COMPLAINT AND REQUEST FOR JURY TRIAL** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation, before the 123RD/273RD Judicial District Court of Shelby County, Texas at the Courthouse in said County in Center, Texas. Said Plaintiff's Petition was filed in said court on the **16th day of June, 2017** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of **COMPLAINT AND REQUEST FOR JURY TRIAL** accompany this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Shelby County Texas this **19th day of June, 2017**.

Attorney for Plaintiff or Plaintiffs:
**REBECCA BRIGHTWELL**
**415 S. First Street, Suite 430**
**Lufkin, TX 75901**
**(936) 639-2550**

**DARREN M. VANPUYMBROUCK**
**311 South Wacker Drive, Suite 3000**
**Chicago, Il 60606**
**(312) 360-6000**

District Clerk of the Court:
Lori Oliver
Shelby County, Texas

By _____
Nicol Shedd, Deputy Clerk

### Service Return

Came to hand on the _____ day of _____, 20____, at _____m and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____ in person a true copy of this citation, with attached copy(ies) of the _____at _____.

[ ] Not executed. The diligence use in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

Service Fee: $ _____                                     _____ Sheriff/Constable
Service ID No. _____                                 _____ County, Texas

_____
Deputy/Authorized Person

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
SWORN TO AND SUBSCRIBED BEFORE ME ON _____, 20____.

_____
Notary Public

# EXHIBIT

# 1-D

**LORI OLIVER, DISTRICT CLERK - P.O. DRAWER 1953, CENTER, TX 75935     936-598-4164**

Cause No. **17CV33998**

| | |
|---|---|
| RAMONA L. SMITH, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ARTHUR SMITH | IN THE DISTRICT COURT |
| | 123RD/273RD JUDICIAL DISTRICT |
| V. | SHELBY COUNTY, TEXAS |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY ("GEICO") AND R&M TOWING AND RECOVERY ("R& M") | |

TO: **R&M TOWING AND RECOVERY, 1127 Ohio Street, Henderson, TX 75652:**

**Notice to defendant**: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

You are hereby commanded to appear by filing a written answer to the **COMPLAINT AND REQUEST FOR JURY TRIAL** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation, before the 123RD/273RD Judicial District Court of Shelby County, Texas at the Courthouse in said County in Center, Texas. Said Plaintiff's Petition was filed in said court on the **16th day** of **June, 2017** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of **COMPLAINT AND REQUEST FOR JURY TRIAL** accompany this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Shelby County Texas this **19th day** of **June, 2017**.

| | |
|---|---|
| **Attorney for Plaintiff or Plaintiffs:**<br>REBECCA BRIGHTWELL<br>415 S. First Street, Suite 430<br>Lufkin, TX 75901<br>(936) 639-2550 | **District Clerk of the Court:**<br>Lori Oliver<br>Shelby County, Texas |
| DARREN M. VANPUYMBROUCK<br>311 South Wacker Drive, Suite 3000<br>Chicago, Il 60606<br>(312) 360-6000 | By _____<br>Nicol Shedd, Deputy Clerk |

## Service Return

Came to hand on the _____ day of _____, 20___, at _____m and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____ in person a true copy of this citation, with attached copy(ies) of the

_____ at
_____.

[ ] Not executed. The diligence use in finding defendant being _____
_____

[ ] Information received as to the whereabouts of defendant being _____
_____

| | |
|---|---|
| Service Fee: $ _____ | _____ Sheriff/Constable |
| Service ID No. _____ | _____ County, Texas |

_____
Deputy/Authorized Person

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
SWORN TO AND SUBSCRIBED BEFORE ME ON _____, 20___.

_____
Notary Public

# EXHIBIT

# 1-E

### Requested Citations 17CV33998

From:  district.clerk@co.shelby.tx.us
Sent:  Mon, Jun 19, 2017 at 9:20 am
To:    Rebecca Brightwell

Document 20170619_68937 CIT ISS TO GEICO AND EMAILED TO ATTY FOR SERVICE - NS.pdf (79.7 KB)

Document 20170619_68938 CIT ISS TO R and M TOWING AND RECOVERY AND EMAILED TO ATTY FOR SERVICE - NS.pdf (82.6 KB)

Document 20170616_68843 COMPLAINT AND REQUEST FOR JURY TRIAL - NS.pdf (1.5 MB)  — **Download all**

I have attached the citations you requested issued in the above cause along with the documents necessary for service.

Please let me know if you have any trouble receiving them.

Nicol Shedd
Deputy Clerk

# EXHIBIT

# 1-F

17CV33998

Filed 7/5/2017 1:41 PM
**Lori Oliver**
**District Clerk**
**Shelby County, Texas**
Pamela Whitton

LORI OLIVER, DISTRICT CLERK - P.O. DRAWER 1953, CENTER, TX 75935        936-598-4164

Cause No. 17CV33998

| | | |
|---|---|---|
| RAMONA L. SMITH, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ARTHUR SMITH | I | IN THE DISTRICT COURT |
| | I | 123RD/273RD JUDICIAL DISTRICT |
| V. | I | |
| | I | SHELBY COUNTY, TEXAS |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY ("GEICO") AND R&M TOWING AND RECOVERY ("R&M") | I | |

**TO: R&M TOWING AND RECOVERY, 1127 Ohio Street, Henderson, TX 75652:**

**Notice to defendant:** You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

You are hereby commanded to appear by filing a written answer to the COMPLAINT AND REQUEST FOR JURY TRIAL at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation, before the 123RD/273RD Judicial District Court of Shelby County, Texas at the Courthouse in said County in Center, Texas. Said Plaintiff's Petition was filed in said court on the 16th day of June, 2017 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of COMPLAINT AND REQUEST FOR JURY TRIAL accompany this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Shelby County Texas this 19th day of June, 2017.

| | |
|---|---|
| Attorney for Plaintiff or Plaintiffs: | District Clerk of the Court: |
| REBECCA BRIGHTWELL | Lori Oliver |
| 415 S. First Street, Suite 430 | Shelby County, Texas |
| Lufkin, TX 75901 | |
| (936) 639-2550 | By _____ |
| | Nicol Shedd, Deputy Clerk |
| DARREN M. VANPUYMBROUCK | |
| 311 South Wacker Drive, Suite 3000 | |
| Chicago, Il 60606 | |
| (312) 360-6000 | |

**Service Return**

Came to hand on the 23 day of June, 2017, at 10:12 m and executed on the 23rd day of June, 2017, at 4:00 PM by delivering to the within named Cynthia McBride - R&M in person a true copy of this citation, with attached copy(ies) of the Complaint and Request for Jury Trial - Cause No. 17CV33998 at 1127 Ohio St. Henderson, Texas 75652

[ ] Not executed. The diligence use in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

| | |
|---|---|
| Service Fee: $ _____ | Sheriff/Constable |
| Service ID No. 12589 | Rusk County, Texas |
| Exp. 4-33-2020 | Paul Duncan |
| | Deputy/Authorized Person |

On this day, June 25, 2017, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME ON   June   25   , 20 17.

_____
Notary Public


SABRINA L. WHITEHEAD
My Commission Expires
January 22, 2019

# EXHIBIT

# 1-G

# R&M TOWING
# 1127 OHIO
# HENDERSON TEXAS
## 903-655-6880 FAX # 903-657-8589

FILED
LORI OLIVER
DISTRICT CLERK

2017 JUL 12 P 1: 22

DISTRICT COURT
SHELBY COUNTY, TEXAS

BY____ME____DEPUTY

## Cause # 17cv33998

My company R&M Towing was dispatch by Rusk Co Sheriff Dept. to pick up a wrecked jeep on
June 9, 2013.   On July 16, 2013 Insurance Auto Auction picked up the jeep with a VSF011.
Under state law we are required to release a vehicle when presented this form. We believe that we
have acted under Texas department of regulation administrative rules 85.710   I have attached
copies of VSF form VSF011 and the rules we work under.


Roger Mcbride



**Removal and/or Inspection of a Motor Vehicle at a VSF**
This Form is Approved by the Texas Department of Licensing and Regulation

**Check one of the following boxes:** SECTION ONE
☑ **Box 1:** I am an immediate family member (parent, spouse, brother, sister, or child) of the owner of the vehicle. When selected, this form may be used as the Affidavit of Right of Possession Form.
☐ **Box 2:** I am an authorized representative of the owner of the vehicle.
☑ **Box 3:** I am an authorized representative of an insurance company authorized to conduct business in the State of Texas.

**Check the applicable box:** SECTION TWO
☑ I will *remove* the vehicle;
☐ I will *inspect* the vehicle.

**Describe the motor vehicle and person authorized to inspect or remove the vehicle:** SECTION THREE

Vehicle Year, Make and Model: _2013 Jeep Wrangler_

VIN or License Plate Number: _1C4 AJWAGX DL 531811_

**Describe the person removing or inspecting the motor vehicle:**

First and Last Name: _Clark Morgan_

Company Name (if a representative of a company): _Triple H Towing_

If a tow truck is used to remove the vehicle, complete the following:
Tow Operator TDLR Lic. No: _3509_        Tow Truck TDLR No: _0006140 367003 IM_

**Complete this section ONLY IF you checked Box 1 or Box 2 in SECTION ONE above:** SECTION FOUR

On this date appeared _____ who upon oath declared that:
☐ I am the owner of the vehicle and authorize the person or company named in this document; [or]
☐ I am an immediate family member and authorized by the owner
to remove or inspect the motor vehicle described above.

The authority granted herein is limited to either (i) inspecting the vehicle or (ii) making payment to and removing the described vehicle from _____ (name of the Vehicle Storage Facility).

This Authority to Act shall expire the earlier of three (3) days from its date of execution, or at an earlier date if revoked by me in writing, or when the motor vehicle is returned to my possession.

Signed this _____ day of _____, 20____    Signature: _____

Subscribed and sworn to before me on this _____ day of _____, 20____.

Notary Signature: _____

Notary Public, State of _____

My commission expires: _____

**Complete this section ONLY IF you checked Box 3 in SECTION ONE above.** SECTION FIVE

I am a duly authorized licensed Insurance Adjuster. I work for or represent _GEICO Insurance_
(Name of Insurance Company) authorized to conduct business in the State of Texas. My Texas Department of Insurance Adjuster
License # is: _1119977_. The claim related to this vehicle settled or, prior to settlement, the vehicle owner
expressly authorized its inspection and/or removal.

Signature: _[signature]_          Date: _7-16-13_

Printed Name: _Curtis Clark_       Insurance Claim #: _0112907440101013_

I understand, acknowledge, and agree that by typing my name on this document, my typed name is an electronic signature and this document has the same legally binding consequence as if executed with a traditional signature.

This document affects your legal rights and may give others access to your motor vehicle. If you do not understand this document or have questions, please consult an attorney. TDLR Form No. VSF011, Effective Sept. 29, 2010. **Complaints may be filed online at www.license.state.tx.us/Complaints/**

either.

(A) the insurer, within three business days of the insurer presenting the proof of loss claim form; or
(B) the tow truck operator, at the time the tow truck operator presents a copy of the notice of right to possession for salvage form to the VSF.

(3) The VSF may provide the copy of the tow ticket to the insurer, via regular mail, facsimile, or by other electronic means, provided the insurer provides the VSF with a specific mailing address, facsimile phone number, web address or email address to which to send the tow ticket.

(d) A VSF may not request a vehicle owner or operator to sign an authorization form for a tow, repair or any other service if the storage of the vehicle is the result of a tow initiated by law enforcement.

**85.709. Responsibilities of Licensee—Unpermitted Tow Trucks Prohibited.** *(New section adopted effective April 15, 2008, 33 TexReg 2931; amended effective May 3, 2010, 35 TexReg 3482)*

Unless authorized by another law or regulation, a VSF shall not allow a tow truck that is not permitted under Texas Occupations Code, Chapter 2308, to enter the storage area of the facility.

**85.710. Release of Vehicles.** *(New section adopted effective April 15, 2008, 33 TexReg 2931; amended effective May 3, 2010, 35 TexReg 3482; amended effective September 1, 2010, 35 TexReg 7786; amended effective January 16, 2012, 37 TexReg 112; amended effective August 15, 2013, 38 TexReg 5060; amended effective March 15, 2014, 39 TexReg 1704)*

(a) Release of vehicles. The VSF must comply with the following requirements when releasing vehicles.

(1) The VSF shall comply with all provisions of Texas Occupations Code, Chapter 2308, Subchapter J, relating to the rights of the owner of a stored vehicle, including providing the name, address, and telephone number of:

(A) each justice court in the county from which the vehicle was towed or, for booted vehicles, the county in which the parking facility is located, or the address of an Internet website maintained by the Office of Court Administration of the Texas Judicial System that contains the name, address, and telephone number of each justice court in that county; and
(B) the name, address and telephone number of the person or law enforcement agency that authorized the tow.

(2) The VSF shall provide the owner or the owner's representative with a tow ticket. The tow ticket may be combined with a VSF Invoice; provided, the combined tow ticket and VSF Invoice comply with the following requirements:

(A) tow charges must be separated from VSF storage charges and each category of charges must be preceded by a heading or label identifying the charges as 'Tow Charges' or 'Storage Charges';
(B) tow charges must appear on the combined statement of charges exactly as stated on the tow ticket prepared by the tow operator and provided to the VSF at the time the vehicle is presented for storage; and
(C) the combined statement of charges meet and contain all required elements of a separate VSF invoice and tow ticket; provided the license number and name of the tow operator may be excluded.

(3) The VSF shall allow the vehicle owner or authorized representative to obtain possession of the vehicle, including payment at the location of the stored vehicle, at any time between the hours listed on the facility information sign posted as described in §85.1003, upon payment of all fees due, presentation of valid identification (Texas drivers license or other state or federally issued photo identification), and upon presentation of:

(A) a notarized power-of-attorney;
(B) a court order;
(C) a certificate of title;
(D) a tax collector's receipt and a vehicle registration renewal card accompanied by a conforming identification;
(E) name and address information corresponding to that contained in the files of the Texas Department of Motor Vehicles;

LICENSE TYPES ∨     ONLINE SERVICES ∨     CONTINUING EDUCATION ∨     SEARCH / VERIF∙ ∨

(H) the most recent version of a department-approved form or electronic version of a department-approved form published on the department's website, www.tdlr.texas.gov; which the VSF must make available to the vehicle owner or person seeking possession of or access to the vehicle; or
(I) evidence of financial responsibility (insurance card), as required by Transportation Code §60.1.051, as an additional form of identification that establishes ownership or right of possession or control of the vehicle.

(4) A VSF may not refuse to release a vehicle to the owner or operator of the vehicle or require a sworn affidavit of the owner or operator of the vehicle solely because the owner or operator presents valid photo identification issued by this state, another state, or a federal agency that includes a different address than the address contained in the title and registration records of the vehicle.
(5) Paragraph (3) does not require a VSF to release a vehicle to the owner or operator of the vehicle if the owner or operator of the vehicle does not:

> (A) pay the charges for services regulated under this chapter or Chapter 86 of this title, including charges for and associated with delivery or storage of the vehicle; and
> (B) present valid photo identification issued by this state, another state, a federal agency or a foreign government.

(6) If it accepts vehicles 24 hours a day, all VSFs shall have vehicles available for release 24 hours a day within one hour's notice.
(7) If a VSF does not accept vehicles 24 hours a day, such facility must have vehicles available for release within one hour between the hours of 8:00 a.m. and midnight Monday-Saturday and from 8:00 a.m. to 5:00 p.m. on Sundays except for nationally recognized holidays. It is not the intent of this section to require release of vehicles after midnight, and refusal to release after that time, even with notice after 11:00 p.m., is not a violation of this section.

(b) A VSF may not require an owner, operator or agent of an owner or operator of a vehicle to sign an authorization or release form to release the vehicle from the VSF if that form:

> (1) changes the status of the law enforcement initiated tow from a nonconsent status to a consent tow status;
> (2) changes the status of the storage resulting from a nonconsent tow from a nonconsent storage status to a consent storage status; or
> (3) imposes any additional charges not regulated by the department.

(c) A person may not execute, submit or use a department-approved form or other document which contains a false, fictitious, dishonest, or fraudulent statement of a material fact used for the purpose of obtaining possession of or access to a motor vehicle stored by a facility licensed under Texas Occupations Code, Chapter 2303.

> (1) For purposes of this section, a false, fictitious, dishonest, or fraudulent statement related to authorization from the vehicle owner to the person or entity named in the form or document is a material fact.
> (2) Conduct found by the commission or the executive director by final order to have violated this section shall be deemed fraudulent and dishonest conduct.

**85.711. Responsibilities of Licensee–Forms of Payment for Release of Vehicle.** *(New section adopted effective April 15, 2008, 33 TexReg 2931; amended effective January 1, 2016, 40 TexReg 9122)*

(a) In addition to other forms of payment accepted by the VSF, including a governmental VSF, a VSF must accept cash, debit cards and credit cards.

(b) A VSF in violation of subsection (a), in addition to administrative penalties, may not charge for the storage of a vehicle beyond the date payment by credit card is tendered.

**85.712. Responsibilities of Licensee–Release of Vehicles; Payment by Lienholder or Insurance Company.** *(New section adopted effective April 15, 2008, 33 TexReg 2931)*

# EXHIBIT

# 1-H

17CV33998

Filed 8/22/2017 1:21 PM
Lori Oliver
District Clerk
Shelby County, Texas
Nicol Shedd

## CAUSE NO. 17CV33998

| | | |
|---|---|---|
| RAMONA L. SMITH, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND AS | § | |
| ADMINISTRATOR OF THE ESTATE | § | |
| OF ARTHUR SMITH | § | |
| | § | |
| VS. | § | 123RD/273RD JUDICIAL DISTRICT |
| | § | |
| GOVERNMENT EMPLOYEES | § | |
| INSURANCE COMPANY ("GEICO") | § | |
| AND R&M TOWING AND | § | |
| RECOVERY ("R&M") | § | SHELBY COUNTY, TEXAS |

## DEFENDANT R&M TOWING AND RECOVERY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR JURY TRIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, R&M Towing and Recovery, Defendant in the above-styled and numbered cause, and files this Original Answer to Plaintiff's Original Petition, and would respectfully show the Court the following:

### I.

### GENERAL DENIAL

Defendant R&M Towing and Recovery ("Defendant") generally denies each and every, all and singular, the material allegations contained in the Plaintiff's Original Petition and, being allegations of fact, demands that the Plaintiff be required to prove such allegations by a preponderance of the evidence if the Plaintiff can so do.

### II.

### AFFIRMATIVE DEFENSES

Even if Plaintiff proves the allegations in the Original Petition, Defendant is not

**Defendant R&M Towing's Original Answer to Plaintiff's Original Petition and Demand for Jury Trial - Page 1**

liable to Plaintiff for the following reasons:

1.   **Legal Excuse and Justification**. Subject to and without waiving any other defenses, for further Answer and as a separate affirmative defense, Defendant asserts that no breach of contract, if a valid and enforceable one exists, occurred as Defendant was legally excused and justified for releasing the subject vehicle (Smith's 2013 Jeep Wrangler, VIN Number IC4AJWAGXDL531811) to Government Employees Insurance Company ("GEICO") as GEICO, Plaintiff's insurer, was Plaintiff's authorized representative in compliance with the *Administrative Rules of the Texas Department of Licensing and Regulation,* 16 TEXAS ADMINISTRATIVE CODE, Chapter 85.

2.   **Ratification**. Subject to and without waiving any other defenses, for further Answer and as a separate affirmative defense, Defendant asserts that Plaintiff ratified the transfer of the subject vehicle at issue as Plaintiff fully knew of the facts surrounding the release of the subject vehicle to GEICO and thereafter voluntarily and intentionally communicated to GEICO to preserve the subject vehicle from destruction.

3.   **Waiver**. Subject to and without waiving any other defenses, for further Answer and as a separate affirmative defense, Defendant asserts that Plaintiff waives its claimed breach of contract, if any, with Defendant by showing a conscious intent to do so when Plaintiff did not object to the transfer of the subject vehicle to GEICO, but instead remained silent and

inactive in asserting Plaintiff's rights, if any, against Defendant.

4.   **Novation.**  Subject to and without waiving any other defenses, for further

Answer and as a separate affirmative defense, Defendant asserts the defense

of novation, that if there was a valid and enforceable contract between

Plaintiff and Defendant, any obligations Defendant had under said contract

were replaced and discharged by GEICO as a new party to the contract,

which the parties mutually agreed to, extinguishing any earlier formed

contract between Defendant and Plaintiff.

5.   **Responsible Third Party.**  Subject to, and without waiving any other

defenses, for further Answer and as a separate defense, Defendant asserts

that if Plaintiff was damaged as alleged, such damages, if any, were

proximately caused or occasioned by the acts, omissions or contributory

negligence, breach of contract, breach of warranty or other legal liability of

third parties, their agents or representatives, or by the instrumentalities of

third parties for whom Defendant is not liable.  Defendant alleges that, if

Plaintiff was injured in the manner asserted, in whole or in part, the same

was brought about as a result of the negligent acts or omissions, or breaches

of duty of third parties not under Defendant's control.

Defendant further states and alleges that damages, if any, for emotional distress and

any damages that are unforeseeable and/or speculative are not recoverable under either

breach of contract or promissory estoppel causes of action.

### III.

### <u>DEMAND FOR JURY TRIAL</u>

Defendant hereby demands a trial by jury and submits the appropriate jury fee.

### IV.

### <u>DISCOVERY CONTROL PLAN</u>

Defendant requests a Level 3 Discovery Plan.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Plaintiff takes nothing by this suit; and that Defendant goes hence without delay and recover all costs and attorneys' fees expended on Defendant's behalf.  Praying further, Defendant prays for such other and further relief, either at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**CHAMBLEE & RYAN, P.C.**

By:  /s/ *Jarad L. Kent*
Jarad L. Kent
State Bar No. 24062824
jkent@cr.law

2777 N. Stemmons Freeway, Suite 1157
Dallas, Texas  75207
(214) 905-2003
(214) 905-1213 (Facsimile)

**ATTORNEY FOR DEFENDANT
R&M TOWING AND RECOVERY**

**CERTIFICATE OF SERVICE**

I do hereby certify that on August 22, 2017 a true and correct copy of the above and foregoing document has been forwarded by e-service to Plaintiff's counsel of record, and to all known counsel by e-service.

Rebecca C. Brightwell
415 S. First Street, Suite 430
Lufkin, TX 75901

Darren M. Vanpuymbrouck
Freeborn & Peters, LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60606

/s/ *Jarad L. Kent*
Jarad L. Kent

# EXHIBIT

# 1-I

## CAUSE NO. 17CV33998

| | | |
|---|---|---|
| RAMONA L. SMITH, Individually and As Administrator of the Estate of Arthur Smith, | § § § | IN THE DISTRICT COURT |
|     Plaintiff, | § § | |
| v. | § § | 273RD JUDICIAL DISTRICT |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY and R&M TOWING AND RECOVERY, | § § § § | |
|     Defendants. | § | SHELBY COUNTY, TEXAS |

## NOTICE OF FILNG NOTICE OF REMOVAL

COMES NOW, Defendant Government Employees Insurance Company (hereafter, "Defendant"), by and through its attorneys, Perry Law P.C. (Meloney Perry and Stacy Thompson), and hereby files its Notice of Filing Notice of Removal to Federal Court, and would respectfully show the Court as follows:

### I.

Written notice of the removal of this cause will be filed contemporaneously with the United States District Court for Eastern District of Texas, Beaumont Division on August 25, 2017. A copy of the Notice of Removal without exhibits, as submitted to the United States District Court, together with the Certificate of Service to Plaintiff's counsel, is attached.

### II.

This Court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted this 25th day of August 2017.

Respectfully submitted,

**PERRY LAW P.C.**

By:*/s/ Stacy Thompson*
    Meloney Perry
    State Bar No. 00790424
    Stacy Thompson
    State Bar No. 24046971
    Shannon Spizman
    State Bar No. 24086729

    10440 North Central Expressway, Suite 600
    Dallas, Texas  75231
    (214) 265-6201 (Telephone)
    (214) 265-6226 (Facsimile)
    mperry@mperrylaw.com
    sthompson@mperrylaw.com
    sspizman@mperrylaw.com

    **ATTORNEYS FOR DEFENDANT
    GOVERNMENT EMPLOYEES INSURANCE
    COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 25th day of August 2017, I filed the foregoing electronically, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Rebecca C. Brightwell
LAW OFFICES OF REBECCA C. BRIGHTWELL, PLLC
115 Gaslight Boulevard, Suite B
Lufkin, Texas 75904
rcb@brightwelllaw.com
***Counsel for Plaintiff***

Darren M. Vanpuymbrouck
FREEBORN & PETERS, LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
dvan@freeborn.com
***Counsel for Plaintiff***

Jarad L. Kent
CHAMBLEE & RYAN, PC
2777 N. Stemmons Freeway, Suite 1157
Dallas, Texas 75207
jkent@cr.law
***Counsel for Defendant R&M Towing***

*/s/ Stacy Thompson*
Stacy Thompson

# EXHIBIT

# 1-J

## Case Information

### SMITH, RAMONA L Et Al Vs. GOVERNMENT EMPLOYEES INSURANCE COMPANY

## Offense or Cause

# DAMAGES - AUTO. ACCIDENT

| | |
|---|---|
| *Case Identifier* | Shelby District Court TX — CV-2017-33998 |
| *Type of Case* | Miscellaneous Civil Cases |
| *Date Filed* | 06/16/2017 |
| *Amount Owed* | $0.00 (as of 08/25/2017 03:21pm) |

## Parties Involved

| | |
|---|---|
| **Attorney** | KENT, JARAD L *of Dallas TX* |
| **Plaintiff** | SMITH, RAMONA L *of Shelbyville TX* |
| **Attorney** | BRIGHTWELL, REBECCA C |
| **Defendant** | GOVERNMENT EMPLOYEES INSURANCE COMPANY *of Dallas TX* |
| **Plaintiff** | SMITH, ARTHUR M *of Shelbyville TX* |
| **Defendant** | R&M TOWING AND RECOVERY *of Henderson TX* |
| **Attorney** | VANPUYMBROUCK, DARREN M *of Chicago IL* |
| **Plaintiff** | ESTATE OF ARTHUR SMITH |

## Case entries

| Date | Description | Amount | Images |
|---|---|---|---|
| 06/16/2017 | BASIC CIVIL NEW SUIT $272 09.01.15 | $50.00 | |
| 06/16/2017 | | $50.00 | |
| 06/16/2017 | | $35.00 | |
| 06/16/2017 | | $15.00 | |
| 06/16/2017 | | $5.00 | |
| 06/16/2017 | | $5.00 | |
| 06/16/2017 | | $10.00 | |
| 06/16/2017 | | $5.00 | |
| 06/16/2017 | | $42.00 | |
| 06/16/2017 | | $10.00 | |
| 06/16/2017 | | $10.00 | |
| 06/16/2017 | | $5.00 | |
| 06/16/2017 | | $30.00 | |
| 06/16/2017 | CITATION | $8.00 | |
| 06/16/2017 | CITATION | $8.00 | |

| Date | Description | Amount | Images |
|------|-------------|--------|--------|
| 06/16/2017 | COMPLAINT AND REQUEST FOR JURY TRIAL - NS | | 32 images |
| 06/16/2017 | EFILE PRINT PREV - PETITION - NS | | 2 images |
| 06/16/2017 | SPOKE WITH TRACY WITH ATTY BRIGHTWELL SHE WILL EFILE A CVR LTR AND IS SENDING TH | | |
| 06/16/2017 | CVR LTR FROM ATTY BRIGHTWELL TO CLERK RE: ISSUE CITATIONS - NS | | 1 image |
| 06/16/2017 | EFILE PRINT PREV - CVR LTR / JURY FEE PAID - NS | | 2 images |
| 06/16/2017 | JURY FEE | $40.00 | |
| 06/19/2017 | CIT ISS TO GEICO AND EMAILED TO ATTY FOR SERVICE - NS | | 1 image |
| 06/19/2017 | CIT ISS TO R&M TOWING AND RECOVERY AND EMAILED TO ATTY FOR SERVICE - NS | | 1 image |
| 06/19/2017 | EMAIL CONFIRMATION FOR CITATIONS SENT TO ATTY BRIGHTWELL FOR SERVICE - NS | | 1 image |
| 07/05/2017 | CITATION - RTN SERVED - R&M TOWING - JUNE 23RD - PW | | 1 image |
| 07/05/2017 | EFILE PRT PREV - CITATION RETURN - PW | | 2 images |
| 07/12/2017 | ORIGINAL ANSWER - R&M TOWING - EXHIBITS ATTACHED -ME | | 4 images |
| 08/22/2017 | DEF R&M TOWING AND RECOVERYS ORIG ANS TO PLAINTIFFS ORIG PET AND REQ FOR JURY TR | | 5 images |
| 08/22/2017 | EFILE PRINT PREV - ANSWER - NS | | 2 images |
| 08/22/2017 | JURY FEE PAID - NS | $40.00 | |
| **Grand Total** | | **$368.00** | |

## Calendar events

| Date | Time | Description | Images |
|------|------|-------------|--------|
| 06/16/2017 | | STATUS CIVIL JURY | |
| 06/16/2017 | | STCI-NEW CASES FILED DURING MONTH | |
| 06/16/2017 | | STCI: JURY FEE PAID/INDIGENCY OATH FILED | |

## Receipts

| Date | Description | Amount | Images |
|------|-------------|--------|--------|
| 06/16/2017 | Receipt 034158 received of BRIGHTWELL, REBECCA C | $288.00 | |
| 06/19/2017 | Receipt 034161 received of BRIGHTWELL, REBECCA C | $40.00 | |
| 08/24/2017 | Receipt 034424 received of KABETZKE, JOANN | $40.00 | |
| **Grand Total** | | **$368.00** | |