|                                      |   |                              |
|--------------------------------------|---|------------------------------|
| **UNITED STATES DISTRICT COURT**     |   | **EASTERN DISTRICT OF TEXAS** |

RAMONA L. SMITH, §
　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:17-CV-374
　　　　　　　　　　　§
　　　　　　　　　　　§
GOVERNMENT EMPLOYEES §
INSURANCE COMPANY AND R&M §
TOWING AND RECOVERY, §
　　　　　　　　　　　§
　　　　Defendants. §

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

The Court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions. On June 15, 2018, Judge Giblin issued a report and recommendation (#37) in which he recommended that the Court grant the plaintiff Ramona L. Smith's ("Mrs. Smith") motion to remand (#18). Mrs. Smith and the defendant Government Employees Insurance Company ("GEICO") filed objections to the magistrate judge's recommendation. The parties also filed responses to the opposing objections. The Court will consider the parties' objections and related arguments in turn.

I.　　BACKGROUND

For reference, the Court will summarize the pertinent background facts, which are detailed in the magistrate judge's report and recommendation (#37). On June 9, 2013, Mrs. Smith's husband died in a vehicle accident in Kilgore, Texas. The defendant R&M Towing and Recovery ("R&M") towed the vehicle from the scene of the accident and stored it in its facility. Mrs. Smith contends that R&M agreed to maintain possession of the damaged vehicle while she

pursued civil action against the vehicle's manufacturer. R&M subsequently released the damaged vehicle to the custody and control of the GEICO without Mrs. Smith's knowledge or permission. Mrs. Smith claims that she then contracted with GEICO to ensure the continued storage and preservation of the vehicle. GEICO however sold the vehicle for salvage without Mrs. Smith's authorization and allowed it to be destroyed.

Thereafter, Mrs. Smith, individually, and as the temporary administrator of the estate of her deceased husband, filed a complaint in the 172nd Judicial District Court of Shelby County, Texas, against GEICO and R&M. The complaint sets forth claims for breach of contract; (in the alternative) breach of a contract of which Mrs Smith was a third-party beneficiary; and promissory estoppel against R&M. As to GEICO, Mrs. Smith alleges breach of a first contract; breach of a subsequent contract; promissory estoppel; fraudulent misrepresentation; and negligent misrepresentation. GEICO removed the case to the United States District Court for the Eastern District of Texas, Beaumont Division, arguing that Mrs. Smith improperly joined nondiverse defendant R&M for the purpose of defeating diversity jurisdiction. Mrs. Smith, in response, filed her present motion to remand (#18).

The magistrate judge considered Mrs. Smith's motion and recommended that the case be remanded back to state court. Judge Giblin concluded that there was no improper joinder because Mrs. Smith's complaint alleged enough facts against R&M to survive a Rule 12(b)(6) challenge on both her breach of contract and promissory estoppel causes of action. The magistrate judge's analysis considered only the parties' pleadings and found no basis to pierce the pleadings to consider outside evidence. The Court now reviews the magistrate judge's report and recommendation (#37) *de novo*.

II. ANALYSIS

    A. IMPROPER JOINDER AND REMAND

GEICO objects to the magistrate's finding on the issue of improper joinder. The defendant specifically challenges the magistrate judge's decision not to pierce the pleadings to consider outside evidence. GEICO further objects to Judge Giblin's determination that Mrs. Smith properly pled claims for breach of contract and promissory estoppel against R&M.

"The burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). A moving party can demonstrate that a nondiverse defendant is improperly joined by showing that "(1) the plaintiff has stated a claim against a diverse defendant that he fraudulent alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193 (5th Cir. 2016). R&M is, in fact, nondiverse so the first prong is inapplicable. Therefore, GEICO as the removing party has the burden of establishing that Mrs. Smith's complaint failed to properly plead a claim against R&M. Stated differently, GEICO must demonstrate "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a nondiverse] defendant." *Int'l Energy Ventures*, 818 F.3d at 200 (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).

Under this "reasonable basis" test, a court may "[either] conduct a Rule 12(b)(6)–type analysis … [or], in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures*, 818 F.3d at 207 (quoting *Smallwood*, 385 F.3d at 573). The court "may choose to use either one of these two analyses, but it must use one and only one of them, not

3

neither or both." *Int'l Energy Ventures*, 818 F.3d at 207. Encapsulated in Fifth Circuit case law, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. at 200. Federal courts are bound to scrutinize a plaintiff's pleading under the federal pleading standard—that is, to meet the Rule 12(b)(6) threshold, which is incorporated in the reasonable basis test, a plaintiff must "plead enough facts to state a claim of relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007) (articulating the federal pleading standard).

1. PIERCING THE PLEADINGS

GEICO argues that the magistrate judge erred in his decision to conduct only a Rule 12(b)(6)–type review of Mrs. Smith's complaint and to not, also, pierce the pleadings to consider outside matters. The defendant contends that *Davidson v. Georgia-Pac., LLC*, 819 F.3d 758, 761 (5th Cir. 2016) allows a court's Rule 12(b)(6)–type analysis to consider matters outside of the pleadings when "there [is] a lengthy record at the outset of [a] second lawsuit." *Id*. at 766. The Fifth Circuit in *Davidson* found that the district court did not abuse its discretion when, under its improper joinder analysis, it pierced the pleadings to consider deposition testimony of a previous, related case. *Id*. The *Davidson* court reasoned that the district court's decision was appropriate given the "unusual procedural posture" and lengthy record from a previous case with similar parties and similar claims. *Id*. (citing *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309–11 (5th Cir. 2005).

This Court does not deviate from precedent set in *Davidson*. The Court agrees with Judge Giblin, however, that GEICO has failed to demonstrate how the facts of the present case are analogous to those in *Davidson*. GEICO avers that the Court should consider deposition

4

testimony of a similar case filed by Mrs. Smith ("*Smith One*")[1], in which the parties conducted *extensive discovery*. The Court has reviewed the relevant documents and finds this argument to be without merit. The *Davidson* court made it clear that the nondiverse defendant is the relevant party in an improper joinder analysis. GEICO's arguments and evidence are based on discovery between Mrs. Smith and itself. The court in *Davidson* emphasized that an improper joinder inquiry focuses on "the plaintiff's opportunity to develop its claims" against the nondiverse party. *Id*. at 767. Thus, GEICO's reliance on discovery proceedings in *Smith One* between itself and Mrs. Smith is irrelevant and unpersuasive. The defendant fails to provide sufficient evidence to demonstrate that Mrs. Smith had an adequate opportunity to develop her claims against R&M through the discovery conducted in *Smith One*. The Court agrees with the magistrate judge and finds that piercing the pleadings is unwarranted in the present case. In considering improper joinder, the Fifth Circuit has maintained that "the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court." *Davidson*, 819 F.3d at 765 (citing *Smallwood*, 385 F.3d at 573).

## 2. BREACH OF CONTRACT AND PROMISSORY ESTOPPEL

GEICO further objects to Judge Giblin's findings that Mrs. Smith's complaint properly alleged causes of action for breach of contract and promissory estoppel against R&M. In Texas, there are four elements of a breach of contract cause of action: "(1) the existence of a valid

---

[1] Mrs. Smith previously filed an action (Cause Number: 1:15-CV-218) against GEICO and the damaged vehicle's manufacturer styled *Ramona L. Smith, Individually and as the Temporary Administrator of the Estate of her Deceased Husband, Arthur Melton Smith, Tara Cheyenne Smith, Ramona Allen, and Glenda Zimmer v. Chrysler Group, LLC a/k/a FCA US LLC and GEICO Casualty Company a/k/a Government Employees Insurance Company*. This Court granted judgment in favor of GEICO and dismissed the defendant from the suit. Both parties' briefings refer to this matter as *Smith One*.

contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach." *Davis v. Texas Farm Bur. Ins.*, 470 S.W.3d 97, 104 (Tex. App–Houston [1st Dist.] 2015, no pet.). As to a promissory estoppel claim, a plaintiff must be able to prove: "(1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance by the promisee to his detriment." *Davis*, 470 S.W.3d at 107.

GEICO puts forward three reasons why Mrs. Smith's breach of contract and promissory estoppel claims against R&M are invalid. First, the defendant argues that the deposition testimony from *Smith One* demonstrates that there was no communication between Mrs. Smith and R&M to form the basis of a breach of contract or promissory estoppel claim. Again, the Court has decided not to pierce the pleadings. This argument is therefore without merit.

Second, GEICO claims that Mrs. Smith's purported contract with R&M is a tow slip devoid of the material terms needed to form a valid contract. The defendant alleges that the tow slip neither mentions Mrs. Smith nor provides any details regarding storage, maintenance, or preservation of the vehicle. This argument also fails. When a court considers a Rule 12(b)6 motion to dismiss and decides not to examine evidence outside of the pleadings, "the burden requires only that the [plaintiff] make a *prima facie* showing." *Int'l Energy Ventures*, 818 F.3d at 211. The Court's focus "must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. GEICO's objections are baseless because they call for the Court to look to the merits of Mrs. Smith's claim and assess the sufficiency of the alleged contract. The proper inquiry, however, is whether Mrs. Smith properly *alleged* that there was a contract between herself and the nondiverse defendant R&M. Mrs. Smith's

6

complaint states that a contract was formed when R&M agreed to tow and store Mrs. Smith's damaged vehicle following the accident. Further, Mrs. Smith maintains that she performed her contractual obligations when she effectuated payment to be tendered to R&M in the amount of $1644.35 for its services, which included $914.35 in storage fees. According to the complaint, R&M breached the contract when it surrendered the vehicle to the possession and control of GEICO without Mrs. Smith's permission and the vehicle was subsequently destroyed. In reviewing Mrs. Smith's complaint "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)", the Court finds that Mrs. Smith properly pled the existence of a contract. *See Twombly*, 550 U.S. at 555.

Third, GEICO argues that Mrs. Smith has failed to sufficiently plead that she suffered recoverable damages under both her breach of action and promissory estoppel causes of action. A plaintiff in a Texas breach of contract cause of action may recover actual damages "when loss is natural, probable, foreseeable consequence of the defendant's conduct." *Mead v. Johnson Grp., Inc.*, 615 S.W.2d 685, 687 (Tex. 1981). These actual damages may be direct or consequential. *Powell Elec. Systems, Inc. v. Hewlett Packard Co.*, 356 S.W.3d 113, 117-18 (Tex. App.–Houston [1st Dist.] 2001, pet. denied). Mrs. Smith argues that R&M was aware of the circumstances surrounding the possession of the damaged vehicle—specifically that she planned to pursue civil action against the vehicle's manufacturer. The complaint alleges that Mrs. Smith made R&M aware of the importance of preserving the damaged vehicle, and further insisted that the facility obtain her permission before it allowed any investigators access to the vehicle for inspection. Considering these allegations "in the light most favorable to the plaintiff", the Court finds that GEICO failed to carry its heavy burden to establish that the

7

destruction of the vehicle was not a foreseeable consequence of R&M releasing the vehicle without Mrs. Smith's permission. *See Travis*, 326 F.3d at 647.

Under a promissory estoppel claim, Mrs. Smith's damages are limited to "the amount necessary to restore [her] to the position [she] would have been in had [she] not acted in reliance on the promise." *Bechtel Corp. v. CITGO Products Pipeline Co.*, 271 S.W.3d 898, 927 (Tex. App.–Austin 2008, no pet.) (quoting *Fretz Constr. Co. v. Southern Nat'l Bank of Houston*, 626 S.W.2d 478, 483 (Tex.1981)). Texas courts have determined that damages flowing from a promissory estoppel claim are akin to "out-of-pocket" costs. *See Bechtel Corp.*, 271 S.W.3d at 926. Mrs. Smith's complaint alleges that she undertook specific measures to ensure the execution of the contract and to further ensure the storage and preservation of the vehicle after R&M released it to the custody and control of GEICO. Again, reviewing Mrs. Smith's complaint in the "light most favorable to plaintiff," the Court finds that Mrs. Smith alleges a valid promissory estoppel claim for relief. *See Travis*, 326 F.3d at 647.

B. COSTS AND EXPENSES

Mrs. Smith objects to the magistrate judge's report and recommendation solely to the extent that he did not award costs and expenses, including attorneys' fees, pursuant to 28 U.S.C. § 1447(c). The plaintiff argues that GEICO intentionally removed this case to the wrong division of the United States District Court for the Eastern District of Texas. This "tactic," Mrs. Smith contends, was employed to prolong litigation, and she is entitled to reimbursement. The Court disagrees. 28 U.S.C. § 1447(c) states that "[a]n order remanding the case may require payment of just cost and any actual expenses, including attorney fees, incurred as a result of the removal. The Court is to "[consider] the propriety of the removing party's actions based on an objective

8

view of the legal and factual elements in each particular case." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). A decision to remand is not conclusive on the issue of costs and expenses–that is, this Court may remand the case to state court and decline to award the plaintiff costs and expenses. *See id*. at 292 (stating "[a]lthough from time to time factual situations may arise in which the district court is required to award attorney's fees, the mere determination that removal was improper is not one of them"). The controlling question is whether GEICO had "objectively reasonable grounds to believe that removal was legally proper." *Id*. at 293.

GEICO removed this case based on its contention that the plaintiff improperly joined R&M. As discussed in the Court's remand analysis, a defendant is improperly joined if the moving party establishes that "(1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures*, 818 F.3d at 199. The pertinent inquiry is therefore whether at the time of removal, GEICO had objectively reasonable grounds to believe that there was no reasonable basis for the district court to predict that Mrs. Smith might be able to recover against R&M. *See, e.g.*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545-46 (5th Cir. 2004). Mrs. Smith objection fails to sufficiently address this standard and offers only arguments condemning GEICO's post-removal motion practice. The Court, however, "consider[s] objectively the merits of the defendant's case at the time of removal." *Valdes*, 199 F.3d at 292. In light of the record, GEICO's arguments set forth in its responsive briefs regarding remand, and GEICO's request to consolidate the present case and *Smith One*, the Court finds that GEICO had objectively reasonable grounds to believe that removal to the United States District Court for the Eastern District of Texas, Beaumont Division, was proper *at the time of*

9

*removal*. The Court accordingly finds that Mrs. Smith is not entitled to an award of costs and expenses, including attorneys' fees.

III.   CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of the magistrate judge's findings, the record, the specific objections, and the applicable law in this proceeding. After review, the Court finds that Judge Giblin's findings should be accepted. The Court **ORDERS** that the parties' objections (#39, #40) to the magistrate judge's report are **OVERRULED**. The Court **ORDERS** that the report and recommendation (#37) is **ADOPTED**. The motion to remand (#18) is **GRANTED**. It is further **ORDERED** that the pending motion for the award of costs and attorney's fees (#19) is **DENIED**.

The **CLERK** of Court is **DIRECTED** to **REMAND** this proceeding to the 172nd District Court of Shelby County, Texas, from which it was removed, in accordance with the usual procedure provided by the Local Rules for the Eastern District of Texas. Finally, all other pending motions in this case are **DENIED** as moot, without prejudice to reassert in the state court as necessary.

SIGNED at Beaumont, Texas, this 3rd day of August, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE